**UNITED STATES of America, Appellee,**

v.

**Thomas Lee EGSON, Appellant.**

**No. 89–2418.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1990.

Decided Feb. 28, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Michael W. Reap and Kathianne K. Crane, St. Louis, Mo., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and BOGUE,[*] Senior District Judge.

PER CURIAM.

Thomas Lee Egson appeals from the order of the district court[1] sentencing him, upon pleas of guilty to one count of cocaine distribution and one count of illegal acquisition of food stamps, to two concurrent eighteen-month prison terms, five years' supervised release, and a $100 special assessment. We affirm.

I. BACKGROUND

Undercover agents of the United States Department of Agriculture went to Egson's home and arranged an exchange of food stamps for cocaine. After receiving $1,430 in food stamps from the agents, Egson left the premises and, upon his return, delivered seven grams of cocaine to the agents, who in turn gave Egson an additional $520 in food stamps. One week later, Egson voluntarily surrendered to authorities and subsequently identified his cocaine source.

Egson was indicted on five counts of illegal acquisition of food stamps, in viola-

---

[*] The Honorable ANDREW W. BOGUE, United States Senior District Judge for District of South Dakota, sitting by designation.

[1.] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

tion of 7 U.S.C. § 2024(b), and two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to one count of illegal acquisition and one count of cocaine distribution.

The presentence investigation report recommended that the charges to which Egson pleaded guilty should not be grouped together as closely-related counts under Guidelines § 3D1.2;[2] that a two-level multiple-count increase was appropriate under Guidelines § 3D1.4; and that four criminal history points should be added under Guidelines § 4A1.1. The resulting guideline imprisonment range was 15–21 months. Egson's objections to the PSI argued that the counts arose out of the same transaction and were closely related, as defined in section 3D1.2; and that he should only be assessed three criminal history points because he had not knowingly waived counsel in one of his prior convictions. Egson's computations, if accepted, would have resulted in a guideline range of 8–14 months.

At the sentencing hearing, Egson renewed his objections to the PSI. He also argued that the two counts involved the same victim and harm and should not be treated under the Guidelines as totally separate and unrelated events because it made no difference that the medium of exchange was food stamps rather than money. The district court concluded that the two counts were not closely related, as they involved separate societal interest, and that a two-level multiple-count increase under section 3D1.4 was appropriate. The district court granted Egson's request for a one-point criminal history deduction. The resulting guideline range was 12–18 months. Following sentencing, the government dismissed the remaining charges. Egson argues on appeal that the district court misapplied section 3D1.2, as the exchange of food stamps for cocaine was part of the same transaction and involved the same harm, victim, and criminal objective.

## II. DISCUSSION AND CONCLUSION

The interest protected by 21 U.S.C. § 841(a)(1) is drug abuse prevention, *see* H.R.Rep. No. 1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 4566, 4567; and protection of "the health and general welfare of the American people," *see* 21 U.S.C. § 801(2). The interest protected in 7 U.S.C. § 2024(b), is the reduction of fraud and abuse in the food stamp program. *See United States v. Marvin,* 687 F.2d 1221, 1227 (8th Cir.1982), *cert. denied,* 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983). Accordingly, we agree with the district court that Egson's offenses involved separate and distinct societal interests and thus were not required to be grouped together as closely-related counts under section 3D1.2. *Cf. United States v. Pope,* 871 F.2d 506, 510 (5th Cir.1989) (district court properly refused to group under section 3D1.2(d) offenses of possession of unregistered silencer and possession of pistol by convicted felon, as offenses involved separate societal interests).

The sentencing order is affirmed.

---

**2.** Sentencing Guidelines § 3D1.2 provides in pertinent part:

*Groups of Closely–Related Counts*

All counts involving substantially the same harm shall be grouped together into a single Group.... Counts involve substantially the same harm within the meaning of this rule:

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. Application Note 2 states that "for so-called 'victimless' crimes (crimes in which society at large is the victim), the grouping decision must be based primarily upon the nature of the interest invaded by each offense."