951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharmella REVELS and Patricia May Lyles, Defendants-Appellants.
 Nos. 91-3119, 91-3120.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants Sharmella Revels and Patricia Lyles appeal from their sentences imposed by the district court following their guilty pleas. Revels pled guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841 and structuring a financial transaction in violation of 31 U.S.C. § 5324. Lyles pled guilty to possession with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Finding no error in the sentences, we affirm.
 
 
 2
 * James H. Geyer, a pharmacist, was arrested on state charges and indicated to agents after his arrest that he had been supplying defendant Revels with controlled substances. In this case, Geyer agreed to supply Revels with 10,000 tablets of Doriden and 10,000 tablets of Emperin # 4, both Schedule III controlled substances. Revels advised Geyer to deliver the tablets to defendant Lyles in a supermarket parking lot. In a transaction observed by government agents, Geyer delivered the package of pills to Lyles in the parking lot. Lyles was arrested with the pills in her possession and federal agents arrested Revels and executed a search warrant at her residence.
 
 
 3
 Revels pled guilty to the present charges and agreed to provide information known to her regarding the illegal narcotics trafficking of others. The plea agreement also stated that the offense conduct set forth in the Superseding Bill of Information was "closely related" conduct within the meaning of United States Sentencing Guidelines ("U.S.S.G.") § 3D1.2. As part of the plea agreement, the United States Attorney further agreed that the government would file a motion, pursuant to U.S.S.G. § 5K1.1, for a downward departure in sentencing should Revels provide substantial cooperation leading to the prosecution of others. The plea agreement stated that Revels understood that the agreement was not binding on the court, and that regardless of the court's subsequent actions she would still be bound by her plea.
 
 
 4
 The probation office prepared a Presentence Report to which both the government and Revels filed objections. The objections concerned the report's determination that the two charged counts did not constitute closely related conduct and were therefore counted separately in determining the offense level. Revels further objected to a two-point increase in her offense level based on the finding that she played an aggravating role in the offense, and she additionally argued that she was entitled to either a 4 or 2 point reduction based on her "minimal" or "minor" participation in the offense. At sentencing, the district court determined that the counts were not closely related conduct, and that a preponderance of the evidence proved that Revels had played the role of a leader, organizer, manager or supervisor of criminal activity as defined by U.S.S.G. § 3B1.1(c). She was sentenced to 51 months imprisonment and five years of supervised release.
 
 
 5
 Lyles also pled guilty to possession of a controlled substance with intent to distribute. In return, the United States Attorney agreed not to file additional charges against Lyles or to file any information which would enhance her sentence. In addition, the United States Attorney also agreed to file a motion pursuant to U.S.S.G. § 5K1.1, for a downward departure in sentencing if the defendant provided substantial assistance leading to the prosecution of others.
 
 
 6
 The probation department prepared a presentence report to which Lyles filed objections. She objected on the grounds that she was entitled to a two point reduction in her offense level based on her "minimal" or "minor" participation in the offense, particularly compared to Revels. The district court rejected her objection, finding by a preponderance of the evidence that Lyles was aware of the nature of her actions and the larger scheme in which she was participating, and that she therefore was not less culpable within the meaning of U.S.S.G. § 3B1.2. The district court sentenced her to 33 months imprisonment and four years of supervised release.
 
 
 7
 On May 31, 1991, this court ordered the two appeals consolidated.
 
 II
 
 8
 * Revels first alleges that the probation report erroneously described her as uncooperative, and she speculates that this is what motivated the district court to impose the maximum sentence within the applicable guideline range of 41-51 months. As Revels admits, however, this court has held that only the government can request a downward departure based upon a defendant's cooperation. United States v. Levy, 904 F.2d 1026, 1034-35 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). There was no such request here, and absent such a request, the failure to depart downward is not appealable.
 
 
 9
 Revels next contends that it was error to increase her base offense level by two levels for being an "organizer, leader, manager or supervisor" within the meaning of U.S.S.G. § 3B1.1(c). Such findings concern the defendant's role in the offense and are reviewed under the clearly erroneous standard. United States v. Silverman, 889 F.2d 1531, 1540 (6th Cir.1989).
 
 
 10
 The basic facts of this case belie Revels' contention that she was not the organizer. Revels instituted the illegal transaction by contacting Geyer and she directed Geyer and Lyles in the actual transaction. Revels arranged the transfer by paying Lyles to pick up the drugs and bring them to her. Revels then sold the drugs at a profit, which she admitted in her plea agreement was used to buy the property she forfeited to the government. The fact that she had to obtain the drugs from another source does not preclude her role as an organizer or supervisor. United States v. Williams, 894 F.2d 208, 214 (6th Cir.1990). The district court's finding that Revels was an organizer of the drug transaction is not clearly erroneous. Because sufficient evidence supports the finding that Revels was an organizer of the drug transaction, she is not entitled to a downward departure as a "minor" or "minimal" participant.
 
 
 11
 Finally, Revels attacks the determination by the district court that the two offenses she pled guilty to were not "closely-related conduct" within the meaning of U.S.S.G. § 3D1.2.[1] Revels argues that both charges involved here (possession with intent to distribute and structuring a financial transaction) were closely-related because the money involved in both charges was earned by selling drugs. Whether the two counts are considered related under § 3D1.2 involves a question of law that we review de novo. United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 12
 The connection between the money and the drug trafficking is not dispositive in determining whether the crimes should be considered part of the same transaction. The societal harm caused by the crimes also must be considered. The district court found that Revels' two offenses, drug trafficking and evading the currency transaction reporting requirement, harm two distinct societal interests. In United States v. Egson, 897 F.2d 353 (8th Cir.1990), the court found that the illegal acquisition of food stamps and cocaine distribution involved "distinct societal interests and thus were not required to be grouped together as closely-related counts under § 3D1.2." Id. at 354. In United States v. Gallo, 927 F.2d 815 (5th Cir.1991), the court held that drug charges and money laundering charges were separate offenses under the guidelines because distinct societal interests were invaded by the two crimes. Id. at 824. We conclude that the district court did not err by finding that Revels' drug dealing and money laundering offenses harmed separate societal interests. Therefore, Revels' crimes were not closely-related under § 3D1.2.
 
 
 13
 Revels also appears to argue that the district court's failure to consider the two offenses as "closely-related" violated her right to due process because that was the substance of her plea agreement with the government. However, the plea agreement expressly noted that it did not purport to bind the district court's sentencing determination. Indeed, the district court itself asked Revels:
 
 
 14
 THE COURT: Do you understand that if I don't accept the sentencing recommendation and your plea agreement, that you will still be bound by your plea agreement, and you won't have any right to withdraw the plea agreement?
 
 
 15
 THE DEFENDANT: Yes, sir.
 
 
 16
 THE COURT: Do you understand that? Now, knowing of all--all of that and the potential penalties, do you still wish to plead guilty?
 
 
 17
 THE DEFENDANT: Yes, sir.
 
 
 18
 (Jt App. at 44).
 
 
 19
 Revels cannot claim unfair prejudice or surprise by the district court's sentence. Consequently, there was no due process violation.
 
 B
 
 20
 Lyles contends that the district court erred by not holding that she was a "minimal" participant or a "minor" participant under U.S.S.G. § 3B1.2. In reviewing the sentencing court's determination with regard to a defendant's role in the offense, the appropriate standard of review is the clearly erroneous standard. Silverman, 889 F.2d at 1540.
 
 
 21
 As to Lyles' role in the offense the district court stated:
 
 
 22
 It appears to the Court, based on a preponderance of the evidence, Ms. Lyles is clearly more than a minimal participant with respect to the current offense. There was no "group" with respect to the current offense. Ms. Lyles has a long history of involvement in the drug subculture and became involved in order to make money. She was a long-time acquaintance with Ms. Revels and fully understood the implications of her behavior. In addition, the defendant, by her own admission, was fully cognizant of the scope of Ms. Revels' drug activities and agreed to assist her not once but on at least two occasions. (Transcript of Sentencing Hearing 1/25/91; pp. 11-12).
 
 
 23
 (Jt.App. at 106-07). The district court's findings of fact are amply supported by the record and are not clearly erroneous. We therefore affirm Lyles' sentence.
 
 III
 
 24
 For all the foregoing reasons, the sentences of defendants Lyles and Revels are affirmed.
 
 
 
 [1]
 Sentencing Guidelines § 3D1.2 provides in pertinent part:
 Groups of Closely-Related Counts
 All counts involving substantially the same harm shall be grouped together into a single Group.... Counts involve substantially the same harm within the meaning of this rule:
 (a) When counts involve the same victim and the same act or transaction.
 (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
 Application Note 2 states that "for so-called 'victimless' crimes (crimes in which society at large is the victim), the grouping decision must be based primarily upon the nature of the interest invaded by each offense."