**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adolfo BAEZA–SUCHIL, aka Joe Garza–
Garza, aka Joe G. Garza, aka Adolfo
Sucsil, Defendant–Appellant.**

No. 94–3360.

United States Court of Appeals,
Tenth Circuit.

April 21, 1995.

Submitted on the briefs: *

Randall K. Rathbun, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

David J. Phillips, Federal Public Defender, Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for defendant-appellant.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge:

Defendant Adolfo Baeza–Suchil appeals his sentence for aggravated illegal re-entry after deportation, 8 U.S.C. § 1326(a), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Defendant, a citizen and national of Mexico, pled guilty to aggravated illegal re-entry after deportation, 8 U.S.C. § 1326(a) ("Count I"), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) ("Count II"). Prior to sentencing, the United States Probation Office prepared and filed a presentence report. The presentence report recommended that the district court determine the combined offense level for Counts I and II under U.S.S.G. § 3D1.4 instead of grouping. Counts I and II under U.S.S.G. § 3D1.2. Defendant objected to calculation of his sentence using the combined offense level under U.S.S.G. § 3D1.4, and contended that the district court should calculate his sentence by grouping Counts I and II pursuant to U.S.S.G. § 3D1.2(a) because both counts "involve the same victim and the same act or transaction." [1]

At sentencing, the district court determined that based on *United States v. Barron–Rivera*, 922 F.2d 549 (9th Cir.1991), Counts I and II did not qualify for grouping pursuant to U.S.S.G. § 3D1.2(a). Instead, the district court calculated the combined offense level for Counts I and II under U.S.S.G. § 3D1.4, and sentenced Defendant to two concurrent ninety-two month terms of imprisonment and to two concurrent two-year terms of supervised release. This appeal followed.

On appeal, Defendant contends the district court erred in refusing to group Counts I and II for guideline calculation pursuant to U.S.S.G. § 3D1.2(a). We disagree.

■ We review the district court's interpretation and application of the sentencing guidelines de novo. *United States v. Cook*, 49 F.3d 663, 664 (10th Cir.1995). Section 3D1.2 provides that "counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2; *see also United States v. Reetz*, 18 F.3d 595, 598–99 (8th Cir.1994) (discussing grouping of counts under § 3D1.2). Section 3D1.2 defines four instances in which counts involve substantially the same harm. U.S.S.G. § 3D1.2(a)–(d). Subsection (a) states that counts involving "the same victim and the same act or transaction" should be grouped. *Id.* § 3D1.2(a). The commentary to § 3D1.2 states "[f]or offenses in which there are no identifiable victims (*e.g.*, drug or immigration offenses, where society at large is the victim), the 'victim' for purposes of subsection[ ] (a) … is the societal interest that is harmed. In such cases, *the counts are grouped together when the societal interests that are harmed are closely related.*" *Id.* § 3D1.2 application note 2 (emphasis added).

■ Defendant argues that the district court should have grouped Counts I and II under § 3D1.2(a) because both convictions harm the same or closely related societal interest.[2] Specifically, Defendant maintains

---

**1.** Grouping Counts I and II for guideline calculation under U.S.S.G. § 3D1.2 produces an offense level of 21 after a three-level reduction for acceptance of responsibility, which combined with a criminal history score of VI, yields a sentencing range of 77 to 96 months. In contrast, calculation of a combined offense level for Counts I and II under U.S.S.G. § 3D1.4 results in an offense level of 23 after a three-level reduction for acceptance of responsibility, and with a criminal history score of VI, produces a sentencing range of 92 to 115 months.

**2.** Defendant also argues on appeal that the district court should have grouped Counts I and II under § 3D1.2(c) and (d). However, Defendant failed to raise either § 3D1.2(c) or § 3D1.2(d) before the district court. Indeed, Defense counsel informed the district court at sentencing that "[t]he Ninth Circuit [in *Barron–Rivera*] focused its discussion primarily on 3D1.2(c), *which we are not arguing.*" Tr. Vol. II at 3 (emphasis added). Thus, we do not consider Defendant's contentions that Counts I and II qualify for grouping under § 3D1.2(c) and (d). *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991).

that aggravated illegal re-entry after deportation, 8 U.S.C. § 1326(a), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1), harm the societal interest in prohibiting criminal conduct by convicted felons.

The Ninth Circuit rejected a similar argument in *Barron–Rivera.* In *Barron–Rivera,* the defendant appealed the district court's refusal to group his conviction for illegal re-entry after deportation, 8 U.S.C. § 1326, with his convictions for illegal alien in possession of a firearm, 18 U.S.C. § 922(g)(5), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). *Barron–Rivera,* 922 F.2d at 554. The defendant argued that all three convictions should be grouped pursuant to U.S.S.G. § 3D1.2(a) because each was a victimless crime which harmed a societal interest. The court observed that "the offenses should not be grouped if they pose threats to distinct and separate societal interests." *Id.* at 555 (relying on U.S.S.G. § 3D1.2 application note 2). Applying these principles, the court concluded that the offenses pose threats to distinct and separate societal interests because "[s]ection 922(g) protects society against those determined unqualified to possess firearms, while 8 U.S.C. § 1326 is designed to effectively enforce the immigration laws." *Id.* (citations omitted). The Ninth Circuit, therefore, refused to group the defendant's conviction for illegal re-entry after deportation with his two 18 U.S.C. § 922(g) firearm convictions.

We believe the reasoning of *Barron–Rivera* compels a similar result in the instant case. The offense of aggravated illegal re-entry after deportation, 8 U.S.C. § 1326(a), poses a threat to a distinct and separate societal interest than does felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The former involves the societal interest in enforcing immigration laws, while the latter implicates the societal interest in keeping firearms from those unqualified to possess them. *See Barron–Rivera,* 922 F.2d at 555. Defendant was therefore convicted for offenses that "pose threats to distinct and separate societal interests." *Id.*

Further, we reject Defendant's argument that Counts I and II qualify for grouping under U.S.S.G. § 3D1.2(a) because the offenses implicate the societal interest in prohibiting criminal conduct by convicted felons. Under Defendant's logic, nearly any combination of offenses would qualify for grouping under § 3D1.2(a) because a societal interest in deterring criminal behavior underlies all statutory offenses. The Sentencing Commission indicated that it did not intend grouping based upon such a general societal interest. Indeed, the Sentencing Commission specified that two offenses arguably supported by the broad societal interest in deterring criminal behavior do not qualify for grouping under § 3D1.2(a). *See* U.S.S.G. § 3D1.2 application note 2 ("[W]here one count involves the sale of controlled substances and the other involves an immigration law violation, the counts are not grouped together because different societal interests are harmed."); *see also United States v. Egson,* 897 F.2d 353, 354 (8th Cir.1990) (distribution of cocaine charge and illegal acquisition of food stamp charge implicate distinct societal interests). As a result, Counts I and II do not qualify for grouping under § 3D1.2(a), and the district court properly calculated Defendant's combined offense level under § 3D1.4.

AFFIRMED.