F I L E D
United States Court of Appeals
Tenth Circuit

APR 22 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEITH LEE BENTLEY, also know as
Duane Martin Anderson, also known as
Duane Anderson, also known as Dewayne
Anderson, also known as Keith Vann, also
known as Martin Bentley,

      Defendant-Appellant.

No. 96-3383
(D.C. No. 96-CR-40043)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **MURPHY**, Circuit
Judge.

The parties have advised us oral argument is not necessary in this appeal.

Therefore, the matter is submitted upon the briefs. Fed. R. App. P. 34(a).

The single issue for our consideration is whether the counts of possession of a

firearm by a felon and possession of PCP should have been grouped under U.S.S.G.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

§ 3D1.2 for sentencing purposes. The district court held the two offenses pose threats to distinct and separate societal interests and refused to group them, imposing the provisions of Guideline § 3D1.4 instead. We agree.

Very little is disputed in this case. Defendant was arrested with a vial of PCP in one pocket and a pistol in another. He pled guilty to both counts and agreed with the calculation of his sentencing guidelines in all but one particular. He contended the two counts actually involved the same victim - society as a whole - and arose from the same transaction - that is, both offenses were concurrently committed. Upon that premise, he argued the offenses should have been grouped under U.S.S.G. § 3D1.2(a) because both crimes offended the same societal interests, which he defines as protection from violence. The district court disagreed, holding, "the public interest served by making possession of narcotics unlawful is palpably different from the ostensible danger avoided by precluding a felon from possessing a firearm." The appeal presented to us is a test of this reasoning.

Defendant's argument is that there is no victim against whom his criminality was directed and his acts were committed at the same time; therefore, it only stands to reason that the offenses are properly grouped. He adds that drugs and guns are frequently the product of the violence from which society seeks protection. However, grouping is predicated upon the principle that "[a]ll counts involving substantially the same harm shall be grouped together in a single Group." U.S.S.G. § 3D1.2. (emphasis added). Thus, this case devolves to the question of whether protecting society as a whole from the

dangers inherent in drug use and possession of weapons by felons is the same. If it is, defendant is correct, and the offenses should have been grouped to reduce his sentencing range by two months.

We have already considered a similar question. In *United States v. Baeza-Suchil*, 52 F.3d 898, 899-90 (10th Cir. 1995), a case also arising from the District of Kansas,[1] we held the offenses of aggravated illegal reentry after deportation and felon in possession of a firearm did not require grouping because they pose "threats to distinct and separate societal interests." (Quoting *United States v. Barron-Rivera*, 922 F.2d 549, 555 (9th Cir. 1991)). We concluded the reentry offense addresses the enforcement of immigration laws while the firearms crime addresses the need to keep weapons from those unqualified to use them. We think the similar rationale applies here.

The public's interest in protecting itself from the harm visited by the ingestion of controlled substances is absolutely clear and needs no explanation. Moreover, that interest is not the same as the need to keep guns out of the hands of felons. What those people can do to society with weapons is not even substantially the same as what drug consumption does to the populace. It is only through grammatical gymnastics that one can contend the offenses constitute the "same harm" that provokes grouping under § 3D1.2. As the district court so aptly pointed out, if those offenses constitute the same

---

[1]Curiously not cited by defense counsel despite her having been counsel in that case as well.

threat, "virtually all crimes would be grouped," because all crimes result in harm to the well being of society. *See **United States v. Pledger***, Nos. 93-3105, 93-3112, 1994 WL 485823 (10th Cir. Sept. 9, 1994) (unpublished).

**AFFIRMED**.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge