*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0307P (6th Cir.)
File Name: 01a0307p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

　　　*v.*　　　　　　　　　　No. 00-5251

FRANCISCO JAVIER HERRERA,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-20186—Bernice B. Donald, District Judge.

Argued: March 22, 2001

Decided and Filed: September 6, 2001

Before: RYAN and BATCHELDER, Circuit Judges;
LAWSON, District Judge.*

———————————

## COUNSEL

**ARGUED:** Ralph A. Sivilla, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Tracy L.

---

*The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Berry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Ralph A. Sivilla, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant.    Tracy L. Berry, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

———————————

## OPINION

———————————

   RYAN, Circuit Judge.   The defendant, Francisco Javier Herrera, pled guilty to charges of:   (1) illegal entry after previous deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), and (2) illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5).   He was sentenced to 92 months' imprisonment.   Herrera now appeals the pre-guilty-plea decision of the district court, denying his motion to suppress evidence found in his vehicle, and the sentencing phase decision to deny Herrera's request to group his charged offenses together for sentencing purposes.   We affirm the district court's judgment.

### I.

   Herrera was born in Mexico, but admits to being deported six times from the United States.  On July 27, 1999, Herrera was found back in the United States during a vehicle traffic stop by a member of the Memphis Police Department, Officer Gary McCord.   McCord testified that when he stopped Herrera for speeding and approached the vehicle, he noticed that Herrera "was doing a lot of moving around up there and [he] didn't know what [Herrera] was doing."

   McCord took Herrera's driver's license and the car registration and then placed him in the back seat of the police vehicle.   After walking around Herrera's vehicle, McCord asked Herrera for consent to search the car and Herrera gave the officer permission because he "had nothing to conceal."

While searching the car, McCord discovered a Jennings firearm, Model Bryco 59, .380 caliber pistol. After learning that Herrera had been previously deported from the United States, Officer McCord contacted Immigration and Naturalization Service officials. They discovered that the social security card Herrera was carrying was not valid.

On August 8, 1999, Herrera was arrested and on August 18, a federal grand jury returned a four-count indictment against him. Herrera moved to suppress the evidence found in his vehicle and after a hearing on October 20, 1999, the district court denied the motion.

A month later, Herrera pled guilty to two charges: (1) illegal entry after previous deportation, in violation of 8 U.S.C. § 1326(a), (b)(2); and (2) illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). On February 18, 2000, the district court conducted a sentencing hearing at which Herrera objected to the failure of the probation officer to group the counts of conviction. The district court overruled the objection and Herrera was sentenced to 92 months' imprisonment. This appeal followed.

## II.

"On review of motions to suppress evidence, findings of fact will be upheld unless clearly erroneous; however, a district court's conclusions of law are reviewed de novo." *United States v. Duncan*, 918 F.2d 647, 650 (6th Cir. 1990).

The factual findings of the district court in relation to application of the Sentencing Guidelines are reviewed under the clearly erroneous standard. *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997). A finding of fact will be considered clearly erroneous only when the reviewing court, upon review of the whole record, finds it has a definite and firm conviction that a mistake has been made. *Id.* Legal conclusions of the district court are reviewed *de novo*. *Id.*

According to U.S.S.G. § 3D1.2, offenses may be grouped together if: the counts involve the same victim and act or transaction; the counts involve the same victim and two or more acts or transactions that are linked by a common criminal objective or are part of the same plan; one count embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline that applies to another of the counts; or the offense level is calculated based on the total amount of harm or loss, the quantity of a substance involved, or another amount of harm, or if the offense conduct is ongoing and the guideline is written to cover such behavior. *See* U.S.S.G. § 3D1.2(a)-(d). In addition, according to Application Note 2 of the same provision, if there is no identifiable victim, the societal interests must be considered. "In such cases, the counts are grouped together when the societal interests that are harmed are closely related." U.S.S.G. § 3D1.2, comment. (n.2).

The law prohibiting illegal aliens from possessing firearms, 18 U.S.C. § 922(g), protects society against those who have been determined unqualified to possess firearms. However, the law prohibiting an alien from illegally entering the United States after a previous deportation, 8 U.S.C. § 1326, is designed to effectively enforce the immigration laws. Since the purpose behind these laws is dissimilar, the district court properly did not group them together. We are fortified in this view by the reasoning of the Seventh, Ninth, and Tenth Circuits, which have determined that the societal interests involved in prohibiting an alien from illegal entry after a previous deportation and prohibiting an illegal alien from possessing a firearm are different. *See United States v. Salgado-Ocampo*, 159 F.3d 322, 328 (7th Cir. 1998); *United States v. Baeza-Suchil*, 52 F.3d 898, 900 (10th Cir. 1995); *United States v. Barron-Rivera*, 922 F.2d 549, 554-55 (9th Cir. 1991).

The decision of the district court is **AFFIRMED**.

### III.

It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Fed. R. Crim. P. 11(a)(2), which states:

> **(2) Conditional Pleas.** With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

We believe that it is important to note in passing that the plea agreement made under subparagraph (e) of Rule 11 need not be in writing, although a written agreement is the preferred practice. Conditional guilty pleas, however, represent an exception to the general rule that a guilty plea waives all non-jurisdictional defects in the pre-plea proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, this "special" plea carries with it the special requirement that it be "in writing" so that a precise record can be made both of the fact of the government's consent and the "specified pretrial motion," Rule 11(a)(2), which the defendant reserves the right to challenge.

It is undisputed that Herrera's written plea agreement does not contain any language that Herrera reserved the right to appeal this issue or any indication that the government consented to a conditional plea. The agreement does state that "[t]his Plea Agreement constitutes the entire agreement between the parties and the parties agree that any issues not specifically addressed by this Plea Agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules, and case law." Thus, the government argues, pursuant to the plain language of Rule 11, Herrera has waived his right to appeal the Fourth Amendment issue.

Herrera argues that he may appeal this issue because he intended to offer a conditional plea and thought he had done so based on two things that occurred at the plea hearing. First, at the hearing, Herrera's counsel stated that this was, in fact, a conditional plea. Second, the district court stated at the sentencing hearing, "Mr. Herrera, [defense counsel] raised those arguments at the suppression hearing and he argued that on your behalf. As the Court deciding those issues, I decided those against you based upon the proof, but you will be able to appeal my ruling on that, also." The government did not make an objection to the remarks of the district court judge regarding whether Herrera had or had not entered a conditional plea.

We are troubled by the role that the district court and the government may have played in contributing to Herrera's belief that he entered a conditional guilty plea. However, we express no opinion as to the effect of the combined misstatements of defense counsel and the sentencing judge, together with the government's silence, on the question of whether the defendant's guilty plea was a knowing and voluntary plea. We held in *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984), that the assessment of whether a guilty plea is voluntarily and intelligently made must be based on a totality of the circumstances. In this case, however, neither Herrera's belief nor the district court's misstatement of the law are enough to trump the plain language of Rule 11. The rule states plainly that a conditional guilty plea must be in a writing that reserves the right to appeal an earlier advance ruling on a pretrial motion and the writing must bear the government's consent. There is no such writing in this case. Therefore, Herrera has waived his right to appeal the district court's order denying the pre-plea suppression motion.

Herrera argues that the counts to which he pled guilty, illegal entry after a previous deportation and illegal alien in possession of a firearm, should have been grouped together for purposes of sentencing. We disagree.