# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3369

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Francisco Perez-Alejo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2003

Filed: February 21, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Francisco Perez-Alejo pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). The district court[1] sentenced him to 41 months imprisonment and 2 years supervised release on both counts, to be served concurrently. On appeal, Perez-Alejo argues that the district court plainly erred in

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

failing to group the two offenses under U.S.S.G. § 3D1.2(a), because they involved the same victim (society at large) and the same transaction.

We find no plain error. See United States v. Scott, 243 F.3d 1103, 1108 (8th Cir. 2001) (standard of review). The two offenses address different societal interests. Thus, they cannot be grouped. See U.S.S.G. § 3D1.2, comment. (n.2) (where victim is societal interest that has been harmed, counts are grouped together only where societal interests are closely related); United States v. Barron-Rivera, 922 F.2d 549, 554-55 (9th Cir. 1991) (§ 922(g) protects society against those deemed unqualified to possess firearms, while § 1326 is designed to enforce immigration laws); see also United States v. Herrera, 265 F.3d 349, 353 (6th Cir. 2001) (district court properly did not group illegal-reentry and firearm offenses because purposes behind laws are dissimilar); United States v. Salgado-Ocampo, 159 F.3d 322, 328 (7th Cir. 1998) (same); United States v. Baeza-Suchil, 52 F.3d 898, 900 (10th Cir. 1995) (same).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.