**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Arthur YANCY, Jr.,**
**Defendant/Appellant.**

**No. 01–6019.**

United States Court of Appeals,
Sixth Circuit.

March 4, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.[*]

**OPINION**

PER CURIAM.

Appellant Arthur Yancy, Jr. appeals the district court's denial of his motion to suppress evidence. Yancy pled guilty and the government argues that he waived his right to appeal any pretrial rulings. Yancy argues that he did preserve his right to appeal and that the evidence was the result of an illegal seizure and should have been suppressed. For the following reasons, we hold that we do not have jurisdiction to hear this appeal.

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

## I. BACKGROUND

Yancy was indicted for possessing narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After the district court denied his motion to suppress, he pled guilty to the offense. During the guilty plea hearing, the court explained to Yancy that by pleading guilty there would be no appeal: "If you plead guilty today, and if I accept that guilty plea, those rights [including the right to appeal to a higher court] will all be gone.... There won't be any appeal." Yancy replied that he understood.

Approximately six months later during the sentencing hearing, neither the court nor the prosecutor could remember if Yancy had reserved his right to appeal the suppression issue. The court stated that it had no independent memory of what happened at the guilty plea hearing and that "It just seems to me that if Mr. Yancy does not have the right to appeal the claims that he should have, then he can appeal it now or he can file the 2255 later." The prosecutor responded: "I think it's likely that we're going to agree and not file a timeliness objection to the filing of the appeal of the motion to suppress." The colloquy continued with the court: "Well, it seems to me that would be a slam-dunk on the 2255." Prosecutor: "Yes, sir.... [M]y confidence is high that the court's ruling on the motion to suppress was correct, so we may go ahead and waive that." Later in the hearing, defense counsel, referring to the reservation of right to appeal from the denial of the suppression motion, stated:

It's my understanding it was the defendant's intention and also the intention of defense counsel at that time to appeal that suppression motion, but apparently there was no reservation of right to appeal.... [T]here was no mention of it at the time that he pled guilty on the

day of trial, and there's no record of it in the jacket.

I've talked to [the prosecutor] about that, and we're going to, in any event, appeal that, and we'll just have to see how the government responds to that and how the Court of Appeals deals with that.

Yancy was sentenced to 325 months in prison. The judgment does not contain any provisions expressly reserving the right to appeal the denial of the suppression of evidence.

## II. ANALYSIS

The government contends that we do not have jurisdiction to hear Yancy's appeal because Yancy did not reserve the right to appeal. To reserve the right to appeal a pre-plea ruling when a defendant pleads guilty, the defendant must expressly do so in writing pursuant to Rule 11(a)(2), Fed.R.Crim.P. *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir.2001) ("It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Fed.R.Crim.P. 11(a)(2)"); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir.1991); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who has pled guilty waives his right to appeal constitutional violations that occurred prior to the guilty plea).

At the guilty plea hearing, Yancy did not specify any pretrial motions to preserve for review. The statements Yancy relies on to prove that he did reserve his right to appeal are not as apparent as those made in *Herrera*, in which this Court rejected the defendant's attempt to appeal. Fur-

thermore, defense counsel cleared up any misunderstanding that may have arisen due to the prosecutor's and the court's statements. Yancy did not adequately reserve the right to appeal under Rule 11(a)(2).

Based on the facts of this case and the clear precedent of this Circuit, we hold that Yancy waived his right to appeal. We accordingly AFFIRM the district court.