**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Scott MURRAY, Defendant–Appellant.**

No. 02–6438.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before: KEITH, COLE, and COOK, Circuit Judges.

## ORDER

This is a direct appeal from a criminal judgment and conviction in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Scott Murray was named in a superseding indictment on drug and firearm charges. Murray eventually agreed to plead guilty to one count of the indictment. The district court accepted the plea and thereafter found Murray guilty of possession with intent to distribute over 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841. The court sentenced Murray to a 262 month prison term plus a five year period of supervised release. This appeal followed. Counsel for Murray filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Murray was served with this motion and a copy of the brief and was invited to respond, but he has chosen not to do so.

In January 2002, law enforcement officials arranged a controlled buy of a quantity of cocaine base at Murray's apartment in Johnson City, Tennessee. Officers subsequently stopped a vehicle occupied by two men who had exited Murray's apartment and discovered a large quantity (199 bags) of cocaine base. The officers then executed a search of Murray's apartment pursuant to a warrant and found drug paraphernalia and a loaded pistol and, two days later, a black bag belonging to Murray containing seventy-one grams of cocaine base and $7,800 in cash.

Murray was eventually named in three counts of a superseding indictment for possession of cocaine base, conspiracy to possess cocaine base, and for being a convicted felon in possession of a firearm. It is uncontested that these charges and Murray's status as a convicted felon would have exposed Murray to a life sentence had the government decided to file the proper enhancement materials at a later date. Murray moved to suppress the evidence seized in the searches and a magistrate judge recommended that the motion should be denied. The parties thereafter entered into a plea agreement.

The plea agreement called for Murray to plead to one count of the superseding indictment, possession with intent to distribute cocaine base, while the government would move to dismiss the remaining two counts against him. The parties acknowledged that Murray was facing a mandatory minimum ten year sentence, with a possible life maximum, a five year period of supervised release, and the forfeiture of the seized firearm and ammunition. Murray agreed to waive his right to a direct appeal or to mount a collateral challenge on any grounds except ineffective assistance of counsel or prosecutorial misconduct if the sentence was as contemplated. Murray did not specifically reserve a right to appeal the outcome of his suppression hearing.

The parties met before the district court for the plea colloquy set forth in Fed. R.Crim.P. 11. The transcript reflects the district court's strict adherence to Rule 11. The court ascertained Murray's capacity to enter the plea, explained the rights Murray would be waiving by pleading to the indictment, incorporated the agreed-upon factual basis as the basis for the plea, and set forth the possible penalties. The court

accepted Murray's plea and set the matter over for sentencing. The parties met for sentencing following the completion of a pre-sentence report. The district court resolved the lone defense objection to the report in Murray's favor and denied his motion to withdraw his plea. The court heard from Murray and imposed the sentence of record.

On appeal, counsel for Murray sets forth one arguable issue for appellate review while conceding its lack of merit. Specifically, counsel questions whether the motion to suppress should have been granted, a stance taken by Murray at sentencing.

This issue is plainly not properly before this court. An examination of the four corners of the plea agreement and the transcript of the plea colloquy shows that Murray did not reserve any right to appeal the outcome of his suppression motion. To reserve the right to appeal a pre-plea ruling when a defendant pleads guilty, the defendant must expressly do so in writing pursuant to Fed.R.Crim.P. 11(a)(2). *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir.2001); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir.1991). *See also Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This issue cannot be considered in this forum. There is no suggestion that Murray's conviction was the product of ineffective counsel or prosecutorial misconduct, the only two grounds expressly reserved for possible appellate review. No other errors are alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.