**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0913n.06**
**Filed: November 18, 2005**

**No. 04-6040**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MYRON JEFFERSON, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: RYAN, GILMAN, and COOK, Circuit Judges.

PER CURIAM. Myron Jefferson entered a guilty plea to violating 18 U.S.C. § 922(g) after the district court denied his motion to suppress evidence. Jefferson now seeks to appeal the denial of the motion to suppress, contending that his was a conditional guilty plea in accordance with Fed. R. Crim. P. 11(a)(2). The government counters that Jefferson waived his right to appellate review by failing to comply with the dictates of the rule—preserving in writing the specific issue to be appealed. We agree with the government.

This court strictly enforces the requirement that the conditional plea be in writing. *United States v. Herrera*, 265 F.3d 349, 351-52 (6th. Cir 2001) (holding that a counsel's oral statements at a plea hearing—that the plea being entered was conditional—did not satisfy the Rule 11 writing requirement). Jefferson relies on the written "Minutes" from his change-of-plea hearing as

satisfying the writing requirement. But since Rule 11(a)(2) "places an affirmative duty *on the defendant* to preserve *all* potential collateral challenges" in writing, *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991)(first emphasis added), the clerical notation cannot suffice to preserve Jefferson's right to appeal the suppression order. We thus dismiss Jefferson's appeal of the denial of his suppression motion.

As for Jefferson's appeal of his sentence, we rejected his exact *Apprendi*-based argument in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005). Nevertheless, we vacate and remand for resentencing, with the acquiescence of the government, under the prevailing non-mandatory regime. *See United States v. Booker*, 125 S. Ct. 738 (2005).