**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5230**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN HERRERA-GONZALEZ,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00216-WLO)

---

Submitted:  July 31, 2007          Decided:  August 15, 2007

---

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Herrera-Gonzalez pled guilty to illegal reentry of a deported alien after conviction of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2000), and possession of a firearm by a convicted felon, 18 U.S.C. § 921(g)(1) (2000), and was sentenced to a term of fifty-nine months imprisonment. Herrera-Gonzalez appeals his sentence, arguing that the district court erred when it refused to group both counts together in a single group under U.S. Sentencing Guidelines Manual § 3D1.2(a) (2006). We affirm.

To determine the offense level when there are multiple counts of conviction, § 3D1.2(a) directs that counts involving the same victim and the same act or transaction should be placed into a single group. In offenses where there is no identifiable victim, the term "victim" means "the societal interest that is harmed." USSG § 3D1.2, comment. (n.2). Thus, counts should be placed in a single group "when the societal interests that are harmed are closely related." Id. Here, had both counts been grouped together, the total offense level would have been lower because there would have been no multiple count adjustment under USSG § 3D1.4. At the sentencing hearing, defense counsel argued unsuccessfully that the societal interests affected by each offense were sufficiently similar that the counts should be grouped together.

We review de novo the legal interpretation of the guidelines and application of the guidelines to undisputed facts. <u>United States v. Toler</u>, 901 F.2d 399, 402 (4th Cir. 1990). As Herrera-Gonzalez acknowledges, four circuits have held that the societal interests protected by immigration laws are too different from those protected by laws regulating possession of firearms by convicted felons to permit these offenses to be grouped under § 3D1.2(a). <u>See</u> <u>United States v. Herrera</u>, 265 F.3d 349, 353 (6th Cir. 2001); <u>United States v. Salgado-Ocampo</u>, 159 F.3d 322, 328 (7th Cir. 1998); <u>United States v. Baeza-Suchil</u>, 52 F.3d 898, 900 (10th Cir. 1995); <u>United States v. Barron-Rivera</u>, 922 F.2d 549, 554-55 (9th Cir. 1991). We find these authorities persuasive. We therefore conclude that the district court did not err in refusing to place Herrera-Gonzalez's two counts in a single group, and that the sentence was thus reasonable. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.) (stating standard of review for reasonableness), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>