# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20350

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE ALBERTO GOOD MCLAULING

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Jorge Alberto Good McLauling challenges on appeal the district court's multiple-count adjustment. For the following reasons, we AFFIRM.

### Facts and Proceedings

Federal agents arrested McLauling in 2012 for illegal re-entry by a previously deported alien. Following his arrest, agents searched his apartment and found a revolver. McLauling admitted that he owned the gun. After indictment McLauling pleaded guilty in 2013, without a plea agreement, to (1) being found unlawfully present in the United States after deportation following conviction of a felony offense, in violation of 8 U.S.C. § 1326(a) and (b)(1) ("count one"), and (2) being an alien unlawfully present in the United

No. 13-20350

States and in possession of a firearm previously transported in interstate or foreign commerce, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) ("count two").

The PSR[1] determined the total offense level for count one to be 12, while the count two offense level was 16. The combined adjusted offense level under the multiple-count adjustment rules was 18. After an adjustment for acceptance of responsibility, the total offense level was 15. With a criminal history category of V, McLauling's sentencing range under the Guidelines was 37 to 46 months.

At sentencing, McLauling objected to the multiple-count adjustment, arguing that the offenses should be grouped pursuant to § 3D1.2 of the Sentencing Guidelines. The Government countered that the two offenses were separate and unrelated. The district court agreed with the Government, and overruled McLauling's objection. The district court sentenced McLauling to 46 months imprisonment on counts one and two, to be served concurrently, a two-year term of supervised release on each count, also to be served concurrently, and a $100 per count mandatory special assessment, which was remitted on the government's motion. The district court did not order payment of a fine. McLauling appealed.

**Discussion**

On appeal, McLauling reurges his argument that the district court erred by not grouping the offenses under § 3D1.2 of the Guidelines. Section 3D1.2 of the Guidelines provides that:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:

---

[1] The original PSR, which is not in the record, was revised after McLauling filed an objection. As such, this discussion of the PSR refers to the subsequently-issued revised PSR.

2

No. 13-20350

**(a)** When counts involve the same victim and the same act or transaction.

**(b)** When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

**(c)** When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

**(d)** When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

Given the language of § 3D1.2, McLauling argues that his offenses should be grouped because (1) they "involve[d] substantially the same harm," and (2) occurred as part of "the same act or transaction."

In addition to the dispute regarding § 3D1.2, the parties also contest the proper standard of review. It is unnecessary to address the parties' dispute regarding the standard of review since under any standard of review McLauling cannot show that the district court erred.

First, with respect to McLauling's argument that the district court erred because his offenses "involve[d] substantially the same harm," we agree with every other circuit court that has addressed the issue that an unlawful reentry offense and a § 992(g) offense should not be grouped as they harm different societal interests. *See, e.g., United States v. Jimenez-Cardenas*, 684 F. 3d 1237, 1240 (11th Cir. 2012); *United States v. Herrera-Gonzalez*, No. 06-5230, 2007 WL 2348668, *1 (4th Cir. Aug. 15, 2007); *United States v. Perez-Alejo*, 56 F. App'x 293, 293 (8th Cir. 2003); *United States v. Herrera*, 265 F.3d 349,

353 (6th Cir. 2001); *United States v. Salgado-Ocampo*, 159 F.3d 322, 328 (7th Cir. 1998); *United States v. Baeza-Suchil*, 52 F.3d 898, 900 (10th Cir. 1995); *United States v. Barron-Rivera*, 922 F.2d 549, 555 (9th Cir. 1991). As we observed in *United States v. Agholor*, "it seems clear . . . that the societal interests affected by illegal re-entry and illegal firearm possession are distinct." 34 F. App'x 962, at *4 (5th Cir. 2002). The criminalization of illegal re-entry "enforce[s] immigration laws," whereas the criminalization of firearm possession by an alien unlawfully in the United States, "protect[s] society from those deemed unqualified to possess firearms." *Id.*

Second, with respect to McLauling's argument that the offenses should be grouped under § 3D1.2(a) because they involve "the same act or transaction," McLauling overlooks § 3D1.2(a)'s same victim requirement.[2] That is, Section 3D1.2(a) only indicates that offenses should be grouped when they involve "the same victim *and* the same act or transaction." U.S.S.G. § 3D1.2(a) (emphasis added). In cases such as this one, where "there are no identifiable victims" and the victim is "society at large," the victim for the purposes of § 3D1.2(a) is "the societal interest that is harmed." U.S.S.G. § 3D1.2 cmt. n.2. As such, our determination that unlawful reentry and § 992(g)(5) offenses protect different societal interests is determinative of the analysis here. Because the offenses affected different societal interests, they have different "victims" for the purposes of § 3D1.2(a). Since the offenses had different "victims," § 3D1.2(a) does not require their grouping. Accordingly, we reject McLauling's argument.

---

[2] Though McLauling argues that the Government waived any response to this argument by failing to brief it in its Appellee's brief, since the Government is the Appellee, the Government's failure to respond to McLauling's argument does not dictate the disposition of the issue. Even where the Government concedes error, this court nonetheless conducts an independent review. *See, e.g.*, *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

No. 13-20350

## Conclusion

We AFFIRM the district court.