FILED
United States Court of Appeals
Tenth Circuit

September 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC EUGENE HARTWELL,

    Defendant - Appellant.

No. 15-1457
(D.C. No. 1:14-CR-00295-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

A jury convicted Eric Eugene Hartwell of (1) escape from a halfway house under

18 U.S.C. § 751(a) and (2) failure to register as a sex offender under 18 U.S.C. § 2250(a).

The district court sentenced him to 120 months in prison. On appeal, he argues the

district court erred (1) at trial, when it admitted as impeachment evidence his 2007

conviction for failure to register as a sex offender, and (2) at sentencing, when it failed to

group the two trial convictions in determining his advisory United States Sentencing

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines ("U.S.S.G.") range.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

1. **Use of Mr. Hartwell's 2007 conviction to impeach his credibility**

The Government twice asked the district court to allow it to use the 2007 conviction.  The court denied its first request to present the conviction under Federal Rule of Evidence 404(b).  At the end of its case-in-chief, the Government argued the conviction could be used to impeach Mr. Hartwell under Rule 609.  The court agreed.  When Mr. Hartwell testified, his counsel elicited testimony about the conviction.  On cross-examination, the Government used it to impeach his credibility.

The Government argues that Mr. Hartwell waived objection to its use of the 2007 conviction on cross-examination because he had testified about it on direct examination.  We agree.  Although Mr. Hartwell had objected to the Government's request to use the conviction under Rule 609, he chose to introduce it preemptively during his direct examination.  In *Ohler v. United States*, 529 U.S. 753 (2000), the Supreme Court said that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Id.* at 760. *Accord United States v. McConnel*, 464 F.3d 1152, 1162 (10th Cir. 2006); *United States v. Wagoner Cty. Real Estate* 278 F.3d 1091, 1099 (10th Cir. 2002).  This is so even where, as here, the party already had objected to the evidence. *See Ohler*, 529 U.S. at

754-58; 1 Mark S. Brodin & Joseph M. McLaughlin, Weinstein's Federal Evidence § 103.15 at 103-31-32 (2d ed. 2016). We affirm on the basis of this authority.[1]

2. **Failure to group the trial convictions under U.S.S.G. § 3D1.2**

Mr. Hartwell's argument about failure to group his convictions challenges the procedural reasonableness of his sentence, which we review for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Worku*, 800 F.3d 1195, 1201 (10th Cir. 2015), and "under which we review de novo the district court's legal conclusions regarding the [G]uidelines and review its factual findings for clear error," *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). "An error of law is per se an abuse of discretion." *United States v. Lopez–Avila*, 665 F.3d 1216, 1219 (10th Cir.2011) (citing *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")). As the parties agree, the district court's ruling on grouping the offenses for sentencing is an "interpretation and application of the sentencing guidelines" that we review de novo. *United States v. Baeza-Suchil*, 52 F.3d 898, 899 (10th Cir. 1995) (reviewing de novo the district court's refusal to group counts under § 3D1.2).

U.S.S.G. § 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." The Government argues that because § 3D1.2(d) provides that certain offenses are "[s]pecifically excluded from the operation of this subsection," including "§ 2P1.1," the escape offense Guideline, Mr. Hartwell's

---

[1] In his reply brief, Mr. Hartwell agrees that *Ohler* applies to this issue. Reply Br. at 1.

convictions "are excluded from operation of the grouping rules," Aplee Br. at 6, and that "convictions for escape are not subject to these grouping rules," *id*. at 18. But this argument alone does not resolve the issue. Application Note 1 to § 3 D1.2 provides that "[c]ounts are to be grouped together into a single Group *if any one or more of the subsections provide for such grouping*." (Emphasis added.)[2] We thus must also consider § 3D1.2 subsections (a), (b), and (c).

Mr. Hartwell's brief concentrates on subsections (a) and (b). "Counts involve substantially the same harm" under subsection (a) when they "involve the same victim and the same act or transaction," § 3D1.2(a), and under subsection (b) when they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan," § 3D1.2(b). Here, where no identifiable person was the victim of either the escape or failure to register crimes, Application Note 2 states that "victim" under these subsections "is the societal interest that is harmed," and "the counts are grouped together when the societal interests that are harmed are closely related."

The district court found that the societal interests underlying the two counts here were not closely related. As for the escape offense, the court recognized societal interests in (1) punishment for failure to fulfill a sentence and (2) avoiding danger to those involved or who are proximate to taking an escapee into custody. As for failure to

---

[2] Mr. Hartwell also points out, *id.*, that the last sentence of § 3D1.2(d) states: "Exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection."

- 4 -

register as a sex offender, the court recognized societal interests in tracking and supervising the offender. ROA, Vol. III at 758-59. *See* 42 U.S.C. § 16901 ("[T]o protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress . . . establishes a comprehensive national system for the registration of those offenders.").

Although these offenses, like the criminal law generally, share the objective of protecting the public, we cannot say the district court erred in determining that the societal interests underlying the offenses here are distinct. *See Baeza-Suchil*, 52 F.3d at 900 (rejecting that counts qualify for grouping because "the offenses implicate the societal interest in prohibiting criminal conduct by convicted felons").

Mr. Hartwell argues that, because his escape and failure to register were factually linked, the district court should have focused on whether the criminal conduct underlying the two convictions harmed closely related societal interests rather than whether the offenses generally protect closely related societal interests. Aplt. Br. at 21-23; Reply Br. at 5-6. This court applied the latter approach in *Baeza-Suchil*, analyzing the general societal interests of the aggravated illegal reentry offense and the felony possession of a firearm. *See* 52 F.3d at 900 (holding societal interest in enforcing immigration law is distinct from the interest in regulating firearms). But even considering the harms based on the facts of this case, Mr. Hartwell's escape implicated different societal interests than his failure to register.

Subsection (c) states that "[c]ounts involve substantially the same harm" when "one of the counts embodies conduct that is treated as a specific offense characteristic in,

- 5 -

or other adjustment to, the guideline applicable to another of the counts." This subsection does not apply to the counts in this case, and Mr. Hartwell does not argue otherwise.

For the foregoing reasons, the district court did not err in failing to group the offenses.

\* \* \* \*

We affirm Mr. Hartwell's convictions and sentence.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge