# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DAVID STEPICH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-75-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael David Stepich appeals from the sentence imposed following his guilty plea conviction of conspiring to possess with intent to distribute a controlled substance. He argues on appeal that the district court committed a legal error by denying him a mitigating role reduction under U.S.S.G. § 3B1.2 without making explicit findings defining the average participant in the criminal activity and comparing Stepich to that average participant as well as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11568

to the other participants in the criminal activity.  He also contends that the district court legally erred by basing its denial of the mitigating role reduction solely on the nature and extent of his participation in the commission of the criminal activity.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Villanueva*, 408 F.3d 193, 202-03 (5th Cir. 2005).  Although the parties disagree as to whether Stepich has preserved the specific challenge he raises on appeal, we need not resolve that dispute because the district court's judgment may be affirmed whether or not the error was preserved.  *See United States v. McLauling*, 753 F.3d 557, 559 (5th Cir. 2014).

Our examination of the record shows that the district court was presented with, and considered, all of the relevant factors required to determine whether Stepich qualified for a mitigating role adjustment under § 3B1.2.  The record also does not support Stepich's contention that the district court or probation officer treated any of the factors as determinative. Accordingly, the district court did not commit any legal error in making the § 3B1.2 determination.  Moreover, Stepich does not specifically challenge on appeal the district court's factual determination underlying its denial of a mitigating role adjustment.  *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

The district court's judgment is AFFIRMED.