NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 17-3849

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 06, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff-Appellee,    )
                               )       ON APPEAL FROM THE UNITED
v.                             )       STATES DISTRICT COURT FOR
                               )       THE SOUTHERN DISTRICT OF
JODIE TURNER,                  )       OHIO
                               )
        Defendant-Appellant.   )
                               )
                               )

BEFORE:  COOK, STRANCH, and NALBANDIAN, Circuit Judges.

PER CURIAM.  Jodie Turner appeals his conviction for possession with intent to distribute marijuana.  As set forth below, we affirm.

On January 7, 2016, law enforcement officers investigating a drug trafficking organization observed a meeting involving Turner behind an Extended Stay America Hotel in Columbus, Ohio. During that meeting, four large plastic bags were placed in the back of Turner's vehicle. A subsequent traffic stop of Turner's vehicle revealed that the bags contained approximately 95 pounds of marijuana.

Pursuant to a plea agreement, Turner pleaded guilty to a superseding information charging him with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  More than two months after his guilty plea, Turner filed a sentencing memorandum asserting that law enforcement officers violated the Fourth Amendment when they stopped and searched his vehicle and that the government manipulated the charges against him.

Based on this purported "government misconduct," Turner sought a six-level downward departure or, in the alternative, permission to withdraw his guilty plea and file a motion to suppress. After the parties agreed on a joint sentencing recommendation, Turner withdrew his sentencing memorandum. The district court sentenced Turner to 37 months of imprisonment in accordance with the joint recommendation.

In this timely appeal, Turner argues that the district court should have suppressed the marijuana found in his vehicle and that his conviction should therefore be reversed. The government responds that Turner waived his Fourth Amendment claim by not properly raising and preserving it in the district court. The government is correct. By entering an unconditional guilty plea, Turner waived appellate review of his Fourth Amendment claim. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Abdulmutallab*, 739 F.3d 891, 904-05 (6th Cir. 2014); *United States v. Herrera*, 265 F.3d 349, 351-52 (6th Cir. 2001). Turner also affirmatively withdrew his sentencing memorandum in which he raised his Fourth Amendment arguments—indicating that he "intentionally relinquished a known right." *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

For these reasons, we **AFFIRM** Turner's conviction.