**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel Omar DIAZ, Defendant–**
**Appellant.**

**No. 02–1313.**

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Angel Omar Diaz, a federal prisoner proceeding without benefit of counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and upon review, we conclude that oral argument is not necessary.

Diaz pleaded guilty pursuant to a negotiated plea agreement to conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 846 and carrying a firearm during a drug offense in violation of 18 U.S.C. § 924(c).

At sentencing, Diaz read a statement that the district court construed as a motion challenging the court's jurisdiction. Diaz argues that the court did not have jurisdiction to sentence him because the indictment did not charge a specific amount of marijuana and did not cite the penalty portion of the statute. The district court denied Diaz's motion finding that the indictment contained all of the necessary elements. The court also concluded that the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not implicated in Diaz's case because the amount of marijuana is not an element of the offense in that the maximum sentence provided under 21 U.S.C. § 841(b)(1)(D) is not dependent upon the proof of a specific quantity in order to trigger the sentencing provision. The district court sentenced Diaz to forty-six months on the marijuana offense, and sixty months on the firearm offense—for a total of 106 months of imprisonment. Diaz appeals.

Questions of subject matter jurisdiction are questions of law that are reviewed de novo. *United States v. Yannott*, 42 F.3d 999, 1003 (6th Cir.1994).

Upon review, we conclude that the district court properly overruled Diaz's challenge to the court's jurisdiction. Diaz contends that the district court lacked jurisdiction to hear his case, accept his guilty plea, and sentence him because the indictment failed to specify the quantity of marijuana he conspired to distribute and failed to cite the penalty provision. Defects in an indictment do not deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). Moreover, a guilty plea such as Diaz's, where there is no assertion that the plea was involuntary or made with a lack of understanding of the nature of the charges or consequences of the plea, admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts. *Tollett v. Henderson*, 411 U.S. 258, 260–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Davis*, 452 F.2d 577, 578 (9th Cir.1971) (per curiam). Diaz admitted that the amount of marijuana that he conspired to sell was fifty-seven pounds. Diaz also stipulated to being held responsible for between twenty and forty kilograms of marijuana for sentencing purposes in his negotiated plea agreement. He cannot now claim that the court improperly took the fifty-seven

pounds of marijuana into account. *See United States v. Harper*, 246 F.3d 520, 530 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001). A guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction. *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987).

The indictment in this instance is not jurisdictionally defective. It addresses every element of the named offense. Not all facts affecting a defendant's punishment are elements that must meet the indictment, jury, and proof requirements. *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2409, 153 L.Ed.2d 524 (2002) A judicial finding of fact in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments. *Id.* at 2425. The amount of marijuana in Diaz's case was a sentencing factor and not a necessary element that required indictment, a jury verdict, or proof beyond a reasonable doubt because the district court's finding of the applicability of the twenty to forty kilogram marijuana range did not implicate the five-year statutory maximum sentence of 21 U.S.C. § 841(b)(1)(D).

There is no requirement that the indictment also contain a statutory citation to a penalty provision. *See United States v. Mohney*, 949 F.2d 899, 903 (6th Cir.1991). Thus, the district court did not err in concluding that Diaz's indictment contained all of the necessary elements.

Accordingly, the district court's judgment is hereby affirmed.