RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0414P (6th Cir.)
File Name: 03a0414p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 02-1329

KENNETH BELL,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-80027—Bernard A. Friedman, District Judge.

Submitted: October 23, 2003

Decided and Filed: November 21, 2003

Before: KENNEDY and GIBBONS, Circuit Judges;
ALDRICH, District Judge.[*]

---

[*] The Honorable Judge Ann Aldrich, United States District Judge for
the Northern District of Ohio, sitting by designation.

_____

**COUNSEL**

 **ON BRIEF:** James W. McGinnis, Detroit, Michigan, for Appellant. Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————

### OPINION

———————

 KENNEDY, Circuit Judge. Defendant Kenneth Bell, who pleaded guilty to being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g), appeals the district court's denial of a pre-plea motion to suppress evidence. For the reasons explained below, we AFFIRM the judgment and defendant's sentence on the ground that defendant failed to preserve his right to appeal the district court's denial of his suppression motion.

### I. Background

 A federal grand jury indicted defendant Bell on one count of being a felon knowingly in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant filed a motion to suppress the firearm that police officers seized from defendant's vehicle during the course of a traffic stop. After a two-day hearing, the district court denied defendant's motion to suppress, finding that the officers' actions did not violate the Fourth Amendment. Defendant subsequently pleaded guilty pursuant to a written plea agreement. Consistent with that agreement, the district court sentenced defendant to twenty-seven months of imprisonment followed by three years of supervised release.

 Defendant timely filed a notice of appeal challenging the judgment and the district court's order denying defendant's motion to suppress. The government moved to dismiss this appeal on the ground that defendant waived his right to appeal the denial of his suppression motion when he failed to comply with Federal Rule of Criminal Procedure 11(a)(2)–which

specifies the sole method by which one may preserve such a right. A motions panel of this Court directed the parties to address this issue in their briefings on the merits.

### II. Analysis

Federal Rule of Criminal Procedure 11(a)(2) provides:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

(2001).[1] This Circuit has held that a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence "unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with" Rule 11(a)(2). *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001). We reasoned that "[c]onditional guilty pleas . . . represent an exception to the general rule that a guilty plea waives all non-jurisdictional defects in the pre-plea proceedings." *Id.* To preserve one's right to appeal a pre-plea motion under Rule 11(a)(2), there must be: 1) a conditional guilty plea in writing; 2) that reserves the right to appeal a specified pre-trial motion; and 3) that evidences the government's consent. *See id.* at 352.

 Here, the written Rule 11 plea agreement into which defendant entered with the government does not expressly reserve defendant's right to appeal the district court's denial

———————

 [1] Our analysis relies on the 2001 version of the Federal Rules of Criminal Procedure as that was the version that was in effect at the time of the events underlying this appeal. We note that the 2002 amendments mostly reorganized Rule 11, except for a few substantive changes inapplicable here.

of the pre-plea suppression motion.[2]   Rather, defendant contends that he reserved his right to appeal this motion in a document entitled "Guilty Plea Questionnaire and Certificate of Counsel," which the district court had given defendant before the plea hearing.  A provision of that document, as originally drafted, advised defendant that he would not be able to appeal the district court's denial of any pre-trial motions on non-jurisdictional issues if he were to plead guilty, unless he were specifically to reserve that right in the plea agreement.  However, defendant, in a hand-written note, amended this provision to provide: "I will be able to appeal from the judge's denial of my pre-trial motion to suppress evidence."  Additionally, defendant argues that both the district court and the government consented to the guilty plea questionnaire's express reservation of defendant's right to appeal the suppression motion when the district court, with no objection from the government, entered that document into

the record at the plea hearing.[3]   Moreover, at the plea hearing, defendant acknowledged that the record–in addition to the plea agreement–contained the promises that secured his guilty plea.  On the other hand, both the guilty plea questionnaire and the plea agreement provide that the plea agreement is the only existing agreement between the government and defendant.  Furthermore, the plea agreement states that defendant's attempt to withdraw or challenge his guilty plea is a repudiation of that agreement.

In short, defendant contends that he complied with Rule 11(a)(2) because the guilty plea questionnaire is a written document that expressly reserves defendant's right to appeal the suppression motion and that evidences the government's consent.  Even taking these assertions as true, however, defendant nevertheless failed to satisfy a fundamental requirement of Rule 11(a)(2) when he entered an unconditional plea of guilty, not a conditional plea of guilty

---

[2]Regarding the waiver of defendant's right to appeal, the plea agreement simply specifies that defendant "agrees not to appeal or otherwise challenge in any proceeding the constitutionality or legality of any part of the sentencing guidelines . . . [and] the accuracy of any factor stipulated to in this agreement or the attached worksheets." Following the maxim of *expressio unius est exclusio alterius*, we could construe defendant's express waiver of only his right to appeal his sentence as an implicit preservation of his right to appeal his pre-plea suppression motion. However, Rule 11(a)(2) mandates that defendant not get the benefit of such silence; rather, to preserve his right to appeal the pre-plea suppression motion, defendant must have expressly and affirmatively reserved that right. *See United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997) (Rule 11(a)(2) barred direct review of the district court's denial of defendant's motion to suppress because defendant entered an unconditional guilty plea whereby he explicitly waived his right to appeal "any writs of habeas corpus concerning any matters pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections to the Court's entry of judgment.").

---

[3]Defendant also argues that the district court and the government affirmed defendant's right to appeal the suppression motion when the district court, with no objection from the government, advised defendant at sentencing that he had "a right to appeal the sentence in this matter." However, on its face, this erroneous advisement pertains only to defendant's purported right to appeal his sentence, not to any right to appeal the denial of the suppression motion. In any event, even if the misstatement were somehow to reference defendant's alleged right to appeal the suppression issue, neither that misstatement nor the government's acquiescence in it could reinstate or preserve such a right if defendant waived it via non-compliance with Rule 11(a)(2). *Herrera*, 265 F.3d at 351 (The district court's misstatement that defendant had the right to appeal a pre-trial suppression motion was insufficient to trump defendant's waiver of that right via non-compliance with Rule 11.); *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001) (Because the district court lacked the power under Rule 11 to modify the plea agreement once it had accepted it, the court's advisement that the defendant had a right to appeal could not restore that right where the accepted plea agreement had waived it.).

contingent upon an appeal of the suppression motion.[4]  *See United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991) ("[B]ecause a guilty plea bars any subsequent non-jurisdictional attack on the conviction," defendant's "failure to enter a conditional guilty plea prevents him from raising his argument against his conviction upon appeal."); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000) ("[A] defendant forecloses all subsequent non-jurisdictional appeals to his conviction by pleading guilty or nolo contendere"; thus, "by failing to enter into a conditional plea under Rule 11(a)(2)," defendant waived his right to appeal the district court's denial of his pre-trial motion to dismiss.).  Defendant contends neither that he had entered a conditional plea of guilty nor that he believed that he had entered such a plea.

In sum, we AFFIRM the judgment and defendant's sentence on the ground that defendant failed to preserve his right to appeal the district court's denial of his pre-plea suppression motion when he did not enter a conditional plea of guilty, as Rule 11(a)(2) requires.

---

[4]We hold only that defendant failed to satisfy Rule 11(a)(2)'s requirement of entering a conditional guilty plea.  We leave open whether defendant satisfied the rule's other requirements, such as whether the written guilty plea questionnaire–rather than the plea agreement–could provide the requisite documentation.