*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0137p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            *v.*

No. 09-2073

LORENZO MENDEZ-SANTANA,
                    *Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 08-20092-001—Gerald E. Rosen, Chief District Judge.

Argued: January 21, 2011

Decided and Filed: May 20, 2011

Before: MARTIN and STRANCH, Circuit Judges; THAPAR, District Judge.[*]

———————————

**COUNSEL**

**ARGUED:** Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Judson O. Littleton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Rafael C. Villarruel, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Judson O. Littleton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

**OPINION**

———————————

    JANE B. STRANCH, Circuit Judge. Lorenzo Mendez-Santana entered an unconditional guilty plea to the charge of illegal reentry after previous deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a)(2) &

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

(b)(2). At the conclusion of the plea hearing, the district judge stated he would review the presentence report before deciding whether to accept the guilty plea. Before sentencing, Mendez-Santana filed a two-part motion including both a request to withdraw his guilty plea and a request to dismiss the indictment as barred by the statute of limitations. The district court denied the motion in its entirety, and Mendez-Santana appealed. We now **VACATE** the judgment and **REVERSE** the denial of the request to withdraw the guilty plea, holding that Mendez-Santana possessed an absolute right to withdraw his guilty plea that should have been honored by the district court.

## I. FACTS AND PROCEDURAL HISTORY

Mendez-Santana is a Mexican citizen who was deported from the United States in 1987 and again in 1994. The second removal occurred after Mendez-Santana served four years in an Oregon state prison on a rape conviction. Mendez-Santana entered the country illegally a third time on an unknown date.

While in the United States, Mendez-Santana used aliases and false birth dates in an effort to avoid detection while he continued to engage in illegal conduct. After criminal charges were dismissed in California and Michigan, Mendez-Santana, using the alias "Mauro Mendez-Santana," pleaded guilty to a felony in Michigan state court in February 2000 and received a jail sentence with probation to follow. The state probation department referred Mendez-Santana to federal immigration authorities.

In April 2000, a federal immigration agent requested standard record checks using the name "Mauro Mendez-Santana." The resulting report indicated that fingerprint comparisons linked the alias "Mauro Mendez-Santana" to Mendez-Santana, as well as to his other aliases, his FBI number, his criminal identification numbers in three states, and his first removal from the country. Nonetheless, a different federal immigration agent processed "Mauro Mendez-Santana" for removal as if he had not been deported previously. In January 2001, an immigration judge granted voluntary departure and ordered Mendez-Santana to leave the United States by May 29, 2001. Not surprisingly, Mendez-Santana failed to depart as ordered. In February 2008, federal immigration

agents apprehended Mendez-Santana at his Michigan residence. A federal grand jury indicted him on a violation of 8 U.S.C. § 1326(a)(2) & (b)(2).

Represented by retained counsel, Mendez-Santana entered an open guilty plea to the indictment in early July 2008. At the conclusion of the plea hearing, the district court stated: "I'm going to hold off on accepting Mr. Mendez' plea at this point given the nature of the fact that there's no plea agreement and the unsettled issues concerning the enhancement [for the aggravated felony], so I'm not going to accept his guilty plea at this point."[1]  (DE 37, Plea Hr'g Tr. at 27.)

Before sentencing, Mendez-Santana filed a motion asking for withdrawal of his guilty plea and for dismissal of the indictment, alleging that the five-year statute of limitations on the § 1326(a)(2) charge expired before February 2008. Relying on cases from other circuits, he asserted that a previously deported alien is "found in" the United States when federal immigration authorities discover the alien's physical presence and those authorities, exercising diligence typical of law enforcement agents, can reasonably be charged with knowledge of the illegality of the alien's presence. He argued that federal immigration agents were aware of his illegal presence in the country by July 2000 and they easily could have ascertained his immigration status by exercising diligence typical of law enforcement authorities, rather than waiting until 2008 to do so. He asked the district court to allow him to withdraw his guilty plea and to dismiss the indictment as time-barred. In the first paragraph of the motion and again in the accompanying brief, Mendez-Santana reminded the district court that it had taken the guilty plea under advisement pending review of the presentence report. (DE 13, Motion at 1, Brief at 3.)

In response the government characterized Mendez-Santana as a fugitive who was not entitled to the protection of the limitations defense in light of 18 U.S.C. § 3290, which reads: "No statute of limitations shall extend to any person fleeing from justice."

---

[1]This case is unlike *United States v. Hyde*, 520 U.S. 670 (1997), where the district court accepted the guilty plea, but deferred consideration of whether to accept the plea agreement. Mendez-Santana pleaded guilty without a plea agreement, so *Hyde* has no application here.

Further, the government argued, federal immigration agents were stymied in their efforts to discover Mendez-Santana's true identity and his prior aggravated felony conviction for rape because he used various aliases and false birth dates to deceive law enforcement and avoid justice.

After hearing oral argument, the district court denied the motion, devoting the entirety of its analysis to the merits of the limitations defense without commenting on the request to withdraw the guilty plea, except to deny it.[2] *United States v. Mendez-Santana*, 615 F. Supp. 2d 624 (E.D. Mich. 2009). The district court later imposed a sentence of forty-six months of imprisonment and two years of supervised release.

In briefing before this Court, both parties addressed the merits of the limitations issue without discussing (1) whether the district court erred in denying the motion to withdraw the guilty plea or (2) whether Mendez-Santana waived his right to appeal the denial of his motion to dismiss by persisting in an unconditional guilty plea after the district court issued its unfavorable opinion on the limitations issue. At our request, counsel for the parties addressed both of these questions during oral argument.

## II. ANALYSIS

Commonly we are asked to review the denial of a motion to withdraw a guilty plea where the motion to withdraw was made *after* the district court accepted the guilty plea. In that situation, we review the denial of the motion to withdraw the guilty plea for an abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). This case presents a different scenario, however, because the motion to withdraw the guilty plea was entered *before* the district court accepted the plea. In this situation, we apply a *de novo* standard of review, for reasons to be explained below.

---

[2]To promote clarity in the remainder of this opinion, we treat Mendez-Santana's request to withdraw his guilty plea and his request to dismiss the indictment as two separate motions.

## A.  Withdrawal of a guilty plea prior to its acceptance by the court

Federal Rule of Criminal Procedure 11(d) provides:

**Withdrawing a Guilty or Nolo Contendere Plea.**  A defendant may withdraw a plea of guilty or nolo contendere:

> (1)  before the court accepts the plea, for any reason or no reason; or

> (2)  after the court accepts the plea, but before it imposes sentence if:

>> (A)  the court rejects a plea agreement under Rule 11(c)(5); or

>> (B) the defendant can show a fair and just reason for requesting the withdrawal.

The text of the Rule thus contemplates different consequences emanating from a motion to withdraw depending upon whether the district court has accepted the guilty plea. Where the court has not accepted the guilty plea, the defendant may withdraw the plea "for any reason or no reason[.]"

This version of Rule 11(d)(1) first took effect in 2002.  Prior to that date, Rule 11's predecessor, Federal Rule of Criminal Procedure 32(e), made no distinction between accepted and unaccepted guilty pleas.  As a result, our often cited but no longer apposite case, *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), held that a "defendant must provide a fair and just reason to support withdrawal of his guilty plea, even when that plea has not yet been accepted by the district court."  The 2002 revision of Rule 11 effectively vitiated that holding in *Mader*.  The  revised text now "more clearly spell[s] out in Rule 11(d) . . . the ability of the defendant to withdraw a plea[]" before it is accepted by the court.  Fed. R. Crim. P. 11 advisory committee's note.

Since the 2002 amendment of Rule 11, three of our sister circuits have recognized that district courts lack *any* discretion under Rule 11(d)(1) to deny motions to withdraw unaccepted guilty pleas. *See United States v. Arami*, 536 F.3d 479, 482-83 (5th Cir. 2008); *United States v. Jones*, 472 F.3d 905, 908 (D.C. Cir. 2007); *United*

*States v. Head*, 340 F.3d 628, 629-31 (8th Cir. 2003). *See also United States v. Shaker*, 279 F.3d 494, 497 (7th Cir. 2002) (holding, prior to 2002 revision, that Rule 32(e) was triggered only when district court accepted guilty plea so that before acceptance defendant could withdraw plea with "no explanation for his change of heart."). In accord with our sister circuits, we hold that the plain text of Rule 11(d)(1) grants a defendant an absolute right to withdraw an unaccepted guilty plea and the district court lacks discretion to deny such a motion.

Thus, when reviewing the denial of a motion to withdraw an unaccepted guilty plea, we apply a *de novo* standard. It would make little sense to employ the abuse of discretion standard normally used to review the denial of a motion to withdraw an *accepted* guilty plea, given the district court's lack of *any* discretion to deny the motion to withdraw an *unaccepted* plea. *See Haygood*, 549 F.3d at 1052; *Jones*, 472 F.3d at 908-09.

When Mendez-Santana sought to withdraw his unaccepted guilty plea, he possessed an absolute right to withdraw "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). We conclude that his reason or motive for making the motion to withdraw could not be questioned and the court lacked any discretion to deny the motion. *See Arami*, 536 F.3d at 482; *Head*, 340 F.3d at 629. Therefore, we must vacate the judgment and reverse the denial of the motion to withdraw the guilty plea. We do not reach the merits of the limitations issue raised by the parties.

## B. The motion to withdraw was not conditioned on the success of the motion to dismiss

The alternative arguments of the government are unavailing. At oral argument, the government conceded procedural error, but suggested Mendez-Santana wanted to withdraw his guilty plea only if the district court agreed that the indictment was untimely and should be dismissed with prejudice. The government candidly acknowledged, however, that Mendez-Santana did not expressly condition his motion to withdraw on the success of his motion to dismiss.

We believe it is equally plausible that Mendez-Santana filed the motion to withdraw in order to preserve all of his strategic options. Before the district court could grant Mendez-Santana's motion to dismiss and terminate the prosecution, it would first need to grant his motion to withdraw his guilty plea. If the district court denied the motion to dismiss, the motion to withdraw protected the right to weigh the benefits of a conditional guilty plea against proceeding to jury trial. For these reasons, we do not agree that the motion to withdraw should be characterized as conditional.

The government also faulted Mendez-Santana for his failure to raise the Rule 11(d)(1) error after the district court denied the motion to withdraw the guilty plea, claiming Mendez-Santana must show plain error under *United States v. Vonn*, 535 U.S. 55, 59 (2002), and a reasonable probability that, but for the error, he would not have entered his guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74 (2004). *Vonn* and *Dominguez Benitez* do not apply here. The defendants in those cases remained silent and did not contemporaneously object when district judges failed to advise them of certain specific constitutional rights during their plea colloquies. *Vonn*, 535 U.S. at 60; *Dominguez Benitez*, 542 U.S. at 76.

Mendez-Santana did not remain silent. His plea colloquy was complete and his unconditional guilty plea was entered, though not accepted, by the time his counsel discovered the limitations issue and promptly filed the motions to withdraw and to dismiss. In the opening paragraph of his filing, Mendez-Santana notified the court that his guilty plea was under advisement. He alerted the district court to the potential for Rule 11(d)(1) error, in contrast to Vonn and Dominguez Benitez, who remained silent. Mendez-Santana sought enforcement of his absolute right under Rule 11(d)(1) by moving to withdraw his guilty plea. That is sufficient. We will not accept the government's invitation to require a criminal defendant to doubly enforce the Rule 11(d)(1) right by requiring him to object after the district court denies the motion to withdraw.

**C. Avoiding a similar error in the future**

The confusion in this case likely arose due to two factors: the nature of the two-part motion and its timing, and the interplay of certain Rules of Criminal Procedure. Ordinarily, a motion to dismiss alleging a defect in the prosecution is filed and decided *before* the defendant enters a guilty plea or proceeds to trial. Fed. R. Crim. P. 12(b)(3). Any motion alleging a prosecution defect must be made by the court-imposed deadline or the defect may be waived, unless an untimely party can convince the court to grant relief from the waiver for good cause shown. Fed. R. Crim. P. 12(e). If the district court denies a pretrial motion on the merits, the defendant who wishes to forego trial and plead guilty may negotiate with the government for the entry of a conditional guilty plea, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). If the defendant prevails on appeal, he may then withdraw his guilty plea. *Id.*

We again emphasize our prior cases holding that Rule 11(a)(2) "places an 'affirmative duty' on the defendant to preserve any issues collateral to the determination of guilt or innocence by specifying them in the plea itself." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (quoting *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991)). To preserve the right to appeal a pre-plea motion under Rule 11(a)(2), we require "1) a conditional guilty plea in writing; 2) that reserves the right to appeal a specified pre-trial motion; and 3) that evidences the government's consent." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003). These steps are mandatory because a conditional guilty plea represents an exception to the general rule that a guilty plea "admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *United States v. Diaz*, 52 F. App'x 810, 811 (6th Cir. 2002); *Bell*, 350 F.3d at 535.

Therefore, a criminal defendant must be diligent in protecting his rights and faithful to the procedure dictated by Rule 11(a)(2) in order to preserve non-jurisdictional issues for appeal. Once a defendant enters a voluntary and unconditional guilty plea, our appellate review becomes sharply circumscribed: we are limited to the consideration of

jurisdictional issues and the voluntariness of the guilty plea itself. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Bell*, 350 F.3d at 535. *See also United States v. Lang*, 46 F. App'x 816, 817-818 (6th Cir. 2002) (holding unconditional guilty plea waived right to raise on appeal a Fourth Amendment search and seizure claim).

Mendez-Santana's case did not follow the ordinary course. His motion to withdraw his guilty plea was combined with a motion to dismiss the indictment. That in itself is unusual. Defense counsel apparently discovered the limitations issue only after the guilty plea was entered. The motion to dismiss the indictment as time-barred was tardy under Rule 12(b)(3), but it appears the district court's resolution of the motion on the merits operated as an implicit finding of good cause to excuse the late filing of the motion. *See* Fed. R. Crim. P. 12(e). The opinion, however, overlooked defense counsel's reminder that the guilty plea was still under advisement and it did not separate the request to dismiss the indictment from the request to withdraw the guilty plea. Counsel might have clarified the issue for the court by separating the motions into two filings, by citing the language of Rule 11(d)(1), and by emphasizing Mendez-Santana's absolute right to withdraw his unaccepted guilty plea. Had counsel taken these steps, it is likely the district court would have granted the motion to withdraw the guilty plea, even if it denied the motion to dismiss on the merits.

Had that occurred, Mendez-Santana would have had options. He could have negotiated a conditional guilty plea with the government so that he could raise on appeal the denial of his motion to dismiss. Fed. R. Crim. P. 11(a)(2); *Ormsby*, 252 F.3d at 848. He could have decided not to enter a guilty plea at all and proceed to trial.

But that is not what Mendez-Santana did or could do under these circumstances. He proceeded on an unconditional guilty plea, because the denial of his motions left him no other choice. His doing so effectively barred our appellate review of the non-jurisdictional limitations issue. *See Bell*, 350 F.3d at 535; *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004) (holding statute of limitations defense is a non-jurisdictional issue that may be waived); *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103-04 (8th Cir. 2002) (holding unconditional guilty plea constituted waiver of

non-jurisdictional statute of limitations defense raised for the first time after entry of the guilty plea).

### III.  CONCLUSION

The substantial rights of a criminal defendant often ride on whether the district court has accepted the guilty plea at the time withdrawal of the plea is sought.  Where, as here, a motion to withdraw a guilty plea is made *before* the district court accepts the plea, the defendant possesses an absolute right to withdraw the plea under Rule 11(d)(1) and the district court lacks any discretion to deny the motion to withdraw.

Accordingly, we **VACATE** the judgment, **REVERSE** the district court's denial of the motion to withdraw the guilty plea, and **REMAND** for further proceedings consistent with this opinion.