NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0064n.06

Case No. 18-1223

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 07, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARIUS STONE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE, Chief Judge; BATCHELDER and DONALD, Circuit Judges

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant Marius Stone was indicted for (1) conspiracy to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; (2) attempt to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of ammunition and a firearm as a felon, in violation of 18 U.S.C. § 922(g). After lengthy pre-trial motion practice, the district court, among other things, denied two motions to suppress evidence and a motion to dismiss the indictment. On the eve of trial, Stone pleaded guilty without a plea agreement to each charge. At his sentencing, Stone moved to withdraw his plea as to the conviction under § 924(c), but the court denied his motion.

He assigns error to five issues on appeal: (1) the denial of one of his motions to suppress evidence, (2) the denial his motion to dismiss the indictment, (3) the denial as moot of his motion to exclude evidence of prior bad acts under Federal Rule of Evidence 404(b), (4) the denial of his motion to dismiss for *Brady* violations, and (5) the denial of his motion to withdraw his plea. For the reasons stated below, we **AFFIRM**.

## I. BACKGROUND

On July 13, 2016, Marius Stone, a convicted felon, was a passenger in a vehicle that was stopped by police. After approaching the vehicle, the officers observed an open container of alcohol. Stone admitted that it was his. Another passenger then admitted to the officers that he also had an open container of alcohol. The officers ordered the passenger out of the car, and upon inquiry, he admitted to the officers that he had a firearm on his person. The gun was later determined to be stolen.

The officers then had Stone get out of the car and asked whether he possessed anything illegal. He said that he did not and consented to a search of his person. The officers found a plastic bag containing forty-one pills, which, upon subsequent testing, were determined to contain no controlled substances.

After discovering the pills on Stone, the officers asked the driver for permission to search the vehicle. She consented. The officers found a nine millimeter pistol under Stone's seat and, elsewhere in the car, a box of nine millimeter ammunition and two cellular telephones.

Later during the stop, the officers discovered that Stone and the other passenger were convicted felons and arrested them. While processing them, officers found another bag of pills on Stone's person. Subsequent testing revealed that these pills were hydrocodone.

In November 2016, the government named Stone in a criminal complaint, and he was appointed a public defender. On May 2, 2017, the government filed a second superseding indictment. In it, Stone was charged with: conspiracy to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; attempt to possess hydrocodone with the intent to distribute it, in violation of 21 U.S.C. §§ 841 and 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of ammunition and a firearm as a felon, in violation of 18 U.S.C. § 922(g).

During the pre-trial stage of the proceedings, Stone filed several motions. The pertinent ones are: (1) two motions to suppress evidence, (2) a motion to dismiss the indictment, and (3) a motion to exclude evidence of prior bad acts under Federal Rule of Evidence 404(b). All of them were denied.

The court held a final pre-trial conference on November 1, 2017, with a bench trial set to begin on November 6, 2017. In the conference, Stone accused the government of withholding *Brady* evidence and asserted that he wanted all *Jencks* material turned over to him. The court found that there was no evidence of a *Brady* violation, and the government stated that it would turn over the *Jencks* material. However, the government informed Stone that, after turning over the *Jencks* material, it would rescind its then-pending plea offer and that no future offers would be forthcoming. Stone agreed and said that he would not plead guilty.

It is unclear exactly what happened after the conference and whether Stone actually received all of the *Jencks* material. Regardless, two days later, Stone pleaded guilty without a plea agreement.

During the plea colloquy, the court asked Stone if he had "as much time as [he] wanted to talk with [his attorney] about pleading guilty?" Stone answered in the affirmative. The court

confirmed that Stone was aware of the trial rights he was giving up by pleading guilty and that he was aware of the maximum sentencing range for each offense. The court went through each charged offense individually, and Stone admitted that he had committed acts that would establish the necessary factual predicates. The district court accepted Stone's plea, finding that it was "knowingly, freely and voluntarily made."

Stone was scheduled to be sentenced on February 5, 2018, approximately three months later. At the sentencing hearing, Stone alerted the court, for the first time, that he wished to withdraw his guilty plea to the § 924(c) count and that he had numerous other objections that he wished to make. The court allowed a three week adjournment, during which the parties briefed their arguments, and reconvened on February 26, 2018. At the February 26, 2018 hearing, the court denied Stone's substantive objections and, as pertinent here, denied Stone's motion to withdraw his guilty plea. It sentenced him to ninety-seven months of imprisonment.

Stone filed a timely notice of appeal, raising several arguments. He asserts that the district court erred when it: (1) denied his motion to dismiss the second superseding indictment, (2) denied one of his motions to suppress evidence, (3) denied his motion to exclude evidence of prior bad acts under Federal Rule of Evidence 404(b), (4) denied his motion to dismiss for *Brady* violations, and (5) denied his motion to withdraw his guilty plea to the § 924(c) conviction.

In response, the government contends that Stone pleaded guilty without a plea agreement and without any conditions. By doing so, the government asserts, Stone waived all non-jurisdictional challenges to his conviction, which leaves only his argument that he should have been allowed to withdraw his guilty plea to the § 924(c) conviction. The government then contends that Stone's argument as to the withdrawal of his guilty plea is meritless.

We find that the government has the better argument.  Stone waived all non-jurisdictional challenges to his conviction when he pleaded guilty without a plea agreement, he waived the *Brady* issue because he did not raise it below, and the district court did not abuse its discretion when it denied his motion to withdraw his guilty plea to the § 924(c) conviction.

## II.  ANALYSIS

We review de novo both "the existence of subject matter jurisdiction," *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003), and whether a defendant waived his right to an appeal, *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

The first question we must resolve is whether Stone preserved any issues for appeal after pleading guilty without a plea agreement.  Federal Rule of Criminal Procedure 11(a)(2) provides that, "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."  We interpreted this rule in *United States v. Pickett*, holding that it "places an affirmative duty on the defendant to preserve *all* potential collateral challenges through the preservation mechanism of Rule 11(a)(2)."  941 F.2d 411, 416 (6th Cir. 1991).  Where a defendant does not do so, he has waived all "non-jurisdictional attacks on [his] conviction[.]"  *Id.* at 416.

Rule 11 also states, however, that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).  Under Rule 11(h), we have previously allowed a defendant to avoid the written-preservation requirement where "[i]t [was] clear from the transcript of the plea hearing . . . that [the] defendant's plea was conditional, the government consented to the conditional plea, and the conditional plea was approved by the district court."  *United States v. Ormsby*, 252 F.3d 844, 848 n.3 (6th Cir. 2001).

In this case, Stone contends that all of his issues are preserved because he did not have a Rule 11 plea agreement—a contention for which he cites no authority. In response, the government argues that his plea was unconditional, and thus, nearly all of his arguments are waived.

A review of the relevant transcripts reveals that there was confusion below as to whether Stone had preserved all of his arguments. At his plea colloquy, Stone's attorney stated that Stone was pleading guilty without a plea agreement, and therefore, "all his issues will remain preserved as there is no waiver of appeal." Later in the colloquy, the district court seemed to agree that Stone had preserved all of his arguments, stating that, "all [your issues are] preserved for appeal because you're not pleading to a Rule 11 plea agreement, so you are entitled to take whatever appeal is appropriate." Stone's sentencing was conducted by a different judge, who informed Stone that he could appeal his conviction. However, unlike the facts in *Ormsby*, the record is not clear that the government consented to allowing Stone to preserve all of his issues. The government never stated its position on the record or corrected Stone or the district court with regard to the general rule that pleading guilty without a plea agreement waives all non-jurisdictional challenges to a defendant's conviction. Though he could have, Stone did not file a reply to the government's waiver argument.

Therefore, while Stone might have had a colorable argument that we should disregard the written-preservation mechanism in Rule 11, he has not made that argument here. He has waived all non-jurisdictional challenges to his guilty plea. We provide a more detailed analysis of each of his claims below.

Stone first argues that the district court should have dismissed this case because the indictment did not allege "credible facts to satisfy" the elements of his convictions under 18 U.S.C. §§ 841, 846, and 924(c).[1] He has waived this argument.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner* v. *United States*, 285 U.S. 427 (1932)). In cases such as this one, where the issue is whether a defendant waived his sufficiency-of-the-indictment argument, there is a dispositive distinction that must be made before a court may proceed to the merits of the claim. A defendant challenges a court's jurisdiction when he asserts that the "indictment failed to charge the elements of a federal offense." *United States v. Martin*, 526 F.3d 926, 934 (6th Cir. 2008). On the other hand, a defendant does *not* challenge a court's jurisdiction where he argues that there is not a sufficient factual basis upon which to establish the elements of the offenses charged. *Id.* at 933; *United States v. Turner*, 272 F.3d 380, 389-90 (6th Cir. 2001); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000). Therefore, if Stone's argument is that the elements alleged by the government do not amount to federal crimes, Stone challenges our jurisdiction, and we may reach the merits of his claim. If, however, Stone argues that there are insufficient factual bases upon which to convict him, his challenge is non-jurisdictional and is waived.

A review of Stone's brief demonstrates that he contends only that there are not sufficient factual bases upon which to establish that he committed the federal crimes charged. He repeatedly asserts that there is no evidence to support certain elements or that other evidence in the case is

---

[1]Stone does not provide argument as to his conviction under § 922(g).

insufficient to convict him, but nowhere does Stone contend that the language in the indictment fails to charge a federal crime. Thus, Stone's arguments go only to the sufficiency of the evidence, not to whether the charges confer jurisdiction on a federal court. This is a non-jurisdictional challenge, and it is waived.[2]

Stone's next argument is that the district court erred when it denied his motion to suppress evidence seized from his cellular telephone. However, we have repeatedly held that "'a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty' pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure." *United States v. Vasquez-Martinez*, 616 F.3d 600, 604 (6th Cir. 2010) (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001)). The record shows that the district court denied Stone's motion to suppress before he entered his plea, which, as detailed above, did not preserve this issue. This argument is waived.

Stone's third argument pertains to the district court's denial as moot of his motion to exclude evidence under Federal Rule of Evidence 404(b). It is unclear what exactly Stone is appealing here. During the pre-trial proceedings, Stone waived his right to a jury trial, choosing instead to proceed to a bench trial. Stone then filed a motion under Rule 404(b) to exclude evidence of certain prior bad acts. The district court judge denied the motion as moot, stating that she understood "the limitations of 404(b)" and that she would not allow the government to admit

---

[2]Even if we considered the merits of Stone's contentions, he is not entitled to relief. An indictment is sufficient where it tracks the statutory language of the offenses charged and provides enough specificity so that the defendant is protected against double jeopardy. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008). The second superseding indictment tracks the statutory language and provides specific dates for each charge. Stone has not provided argument that either the statutory language used or the dates provided are deficient. Thus, our precedent dictates that the second superseding indictment is sufficient. *See, e.g.*, *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *Kuehne*, 547 F.3d at 696.

any evidence in contravention of the Federal Rules of Evidence. The government even confirmed that it had "no intention of submitting any 404(b) evidence." Thus, there is no adverse ruling from which to appeal because the district court actually reserved this issue. Moreover, the district court had no occasion to reconsider it because Stone pleaded guilty. Regardless, Stone's motion under Rule 404(b) is a non-jurisdictional challenge because it could have neither conferred nor deprived a federal court of jurisdiction, and it was denied before he pleaded guilty. This issue is waived.

Stone's next contention is even more opaque than the previous one. He purportedly appeals the trial court's denial of his "motion to dismiss for violation of the government['s] obligation to disclose discovery pursuant to *Brady*." However, Stone never filed a motion to dismiss for *Brady* violations. The closest he came was filing a motion requesting that the government comply with its discovery obligations, which the district court terminated after the government assured the court it would turn over any *Brady* material it possessed. The only other time that *Brady* material was at issue was when Stone verbally accused the government at the pre-trial conference of withholding certain evidence. But Stone did not make a motion to dismiss in regard to the allegedly missing evidence. Accordingly, because Stone never filed a motion to dismiss for *Brady* violations below, he has waived this issue for purposes of appeal. *Cf. United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010) (holding that defendant's failure to timely file a motion to suppress in the district court meant that he waived it on appeal); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990) (holding that "[t]his court will not decide issues or claims not litigated before the district court[]").

Stone's last argument is that the district court abused its discretion when it did not allow him to withdraw his guilty plea for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). As the government concedes, we have jurisdiction over this

claim. *See United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012) ("After the entry of an unconditional guilty plea, a defendant may only attack the voluntary and intelligent character of the plea.") (internal quotation marks omitted) (citation omitted).

We review for abuse of discretion the "denial of a motion to withdraw a guilty plea where the motion to withdraw was made *after* the district court accepted the guilty plea." *United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011). "A district court abuses its discretion where it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (internal quotation marks and citation omitted).

"A defendant has no right to withdraw his guilty plea, and he has the burden of showing 'a fair and just reason for requesting the withdrawal.'" *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012) (quoting Fed. R. Crim. P. 11(d)(2)(B)).

> Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.

*United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

In *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), we set forth seven non-exhaustive factors that guide our analysis. They are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181.

Stone argues that he should have been allowed to withdraw his plea for two reasons. First, he contends that he was unable to properly prepare for trial because he was transferred to numerous penal facilities and did not have access to discovery. Second, he alleges that he was not advised that he could plead guilty to some counts but not others. At his sentencing, the district court orally denied Stone's motion, opining that all seven factors weighed in favor of the government. However, the court did not elaborate further. While "[w]e strongly prefer that district courts state their reasons for decisions left to their discretion . . .[,]" we find that the record supports the court's decision. *Alexander*, 948 F.2d at 1003. We provide an analysis of each factor in turn.

A.      Length of Delay in Moving to Withdraw

Stone entered his plea on November 3, 2017, and moved to withdraw it on February 5, 2018, ninety-four days later. Based on our prior precedent, a delay of this length favors the government. *See United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2013) (finding a delay of over two months to favor the government); *United States v. Martin*, 668 F.3d 787, 795 (6th Cir. 2012) (finding that a delay of ninety-five days favored the government); *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (finding that a delay of ninety-three days favored the government).

B.      Validity of Reason for Delay

As to the validity of the reason for the delay, Stone first argues that he was rushed into pleading guilty. Even if we accepted this contention as true, Stone offers no explanation why this kept him from seeking to withdraw his plea for such an extended period of time *after* he pleaded guilty. Moreover, the record belies this assertion. Stone was appointed an attorney in November 2016, and he was not scheduled to go to trial until November 2017, approximately one year later. In the interim, Stone was appointed two more attorneys because of breakdowns in the attorney-

client relationship, and Stone filed, among other things, two motions to suppress evidence, a motion to dismiss the indictment, and numerous discovery motions. The court even granted his motion for the appointment of an expert in forensic analysis of cellular call detail records and tower mapping. Finally, and most importantly, Stone conceded in the plea colloquy that he had "as much time as [he] wanted to talk with [his attorney] about pleading guilty." Thus, this factor weighs in favor of the government.

Stone next asserts that he did not know that he could plead guilty to some charges and proceed to trial on others. He advanced this precise argument in the district court, but it ruled against him. We construe the court's ruling as a finding that Stone was not credible. Because there is support in the record for the district court's determination, we find that it did not abuse its discretion. At the plea colloquy, the district court judge asked Stone whether he understood that he had a right to plead not guilty to the charges against him. Stone stated that he did. Stone also said that he was aware that he was giving up his right to a trial by pleading guilty. The court then went over every charge individually and asked Stone whether he was guilty as to each one. Stone confirmed that he was. Based on the record before us, this factor weighs in favor of the government.

C.      Assertion of Innocence

Stone seeks to withdraw his plea to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), because he says that he would argue at trial that he possessed the gun for protection—not for use in furtherance of a drug trafficking crime. If construed as an argument claiming innocence, this factor is neutral.

At the plea colloquy, Stone seemed somewhat noncommittal as to his guilt on this charge, stating that he had the firearm to protect himself and, later, that the firearm had nothing to do with

the conspiracy to traffic drugs. However, when asked directly by the court whether he was using the gun in furtherance of the drug trafficking crime, Stone answered "yes." In contrast, at his sentencing, Stone's counsel reiterated that Stone did not use the gun in furtherance of a drug trafficking crime, and Stone himself disputed his guilt as to the 924(c) charge, stating that he only pleaded guilty to it because his lawyer told him to. Notably, Stone did not explain why he needed the gun for protection, and he did not deny that he was in possession of drugs.

Based on the record, Stone has maintained his innocence since pleading guilty. However, Stone admitted to using the gun in furtherance of the drug trafficking crime while under oath, and a court may rely on such sworn testimony. *Martin*, 668 F.3d at 796. In giving Stone the benefit of the doubt, there is evidence supporting each side, so this factor is neutral.

D.      Circumstances Underlying the Guilty Plea

Stone's only argument in correlation to this factor appears to be that he was rushed into pleading guilty, but he does not elaborate beyond this unadorned assertion. The record does not support his position. Stone chose—of his own volition and after lengthy pre-trial proceedings— to plead guilty on the eve of trial after rejecting a plea agreement from the government. Moreover, during his plea colloquy, Stone confirmed that he had as much time as he "wanted to talk with [his attorney] about pleading guilty." Stone's bare assertion that was rushed into pleading guilty cannot overcome the objective evidence in the record. This factor favors the government.

E.      Stone's Nature and Background

Stone provides no argument as to his nature and background, but at his plea hearing, Stone stated that he had obtained his GED and that he could read, write, and understand English. At his sentencing hearing, Stone's attorney remarked that Stone was "very bright" and that he read law

books, statutes, and case law. Thus, there is no evidence that Stone did not understand the proceedings below. *Catchings*, 708 F.3d at 719. This factor weighs in favor of the government.

F.     Stone's Previous Experience with the Criminal Justice System

Here, again, Stone provides no argument. The record shows that he has several previous offenses and multiple pleas of guilty. While these convictions appear to have all been in state court, this factor still weighs against Stone. *United States v. Benton*, 639 F.3d 723, 728-29 (6th Cir. 2011); *Martin*, 668 F.3d at 797.

G.     Potential Prejudice to the Government if the Motion to Withdraw is Granted

"[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal[.]" *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Because six of the seven factors weigh against Stone, he has not demonstrated a fair and just reason to allow him to withdraw his guilty plea. We need not address this factor.

## III. Conclusion

For the reasons set forth above, we find that Stone waived all non-jurisdictional challenges to his conviction, that his allegation of a *Brady* violation is waived, and we **AFFIRM** the district court's denial of Stone's motion to withdraw his guilty plea.