NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0059n.06

No. 25-5418

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 28, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Plaintiff–Appellee, | ) ) |  |
| v. | ) ) |  |
| WAYNE JEROME JOHNSON, | ) ) | OPINION |
| Defendant–Appellant. | ) ) |  |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Wayne Jerome Johnson pleaded guilty to five drug- and firearm-related charges. The district court sentenced him to 300 months in prison and 8 years of supervised release. On appeal, Johnson challenges the district court's denial of his motion to suppress and his sentence. We **AFFIRM**.

**I.**

After officers searched two motel rooms used by Johnson and discovered drugs and paraphernalia there, a grand jury indicted Johnson for possession with intent to distribute a Schedule II controlled substance (Counts 1–3), possession of a firearm in furtherance of drug-trafficking crimes (Count 4), and being a felon in possession of a firearm (Count 5). Johnson moved to suppress the evidence seized in the motel rooms, but the district court denied the motion

as untimely.[1]  Johnson then orally pleaded guilty to all five counts in a rearraignment proceeding.

Two rearraignment proceedings are relevant to this appeal: one before a magistrate judge on July 19, 2024, and one before a district judge on August 28, 2024.  At the July 19 proceeding, Johnson's counsel said that Johnson wanted to plead guilty but also challenge the district court's motion to suppress ruling.  The magistrate judge stated that Johnson's request to plead guilty and keep the suppression motion "alive" would be impossible "short of having a contingent plea agreement" with the government.  R. 138, First Rearraignment Proceeding, PageID 520–21.  The government confirmed that Johnson's plea was not a conditional plea, as that required its consent (which it had not given).  Nevertheless, Johnson agreed to "proceed with the process" and enter a guilty plea.  *Id.* at 523.  Then, later in the proceeding, Johnson declined to answer the magistrate judge's questions, which precluded the magistrate judge from developing a sufficient factual basis for the guilty plea.

At the August 28 proceeding, Johnson orally entered an "open" guilty plea (meaning that he did not have a plea agreement with the government) to all five counts, which the district court accepted.  Johnson did not express (orally or in writing) that he wished to preserve his right to appeal the motion-to-suppress ruling.  As a result, the government did not consent to—and the district court did not approve of—the preservation of that issue for appeal.  Also, the district court stated that Johnson had not waived "any appeal rights" by not entering into a plea agreement and that his lawyer could advise him of the appellate rights he retained.  R. 139, Second Rearraignment Hr'g, PageID 572.  Finally, the district court observed that Johnson's rights on appeal "w[ould] be to the full extent that the law allows."  *Id.*

---

[1] Johnson filed four motions to suppress (three pro se and one by his attorney).  The district court denied the first three without prejudice because Johnson filed them pro se despite having a lawyer. Johnson solely challenges the fourth motion—the one denied as untimely—in this appeal.

After Johnson pleaded guilty, the district court sentenced him to 300 months in prison and 8 years of supervised release. Johnson timely appealed.

**II.**

Johnson first challenges the district court's denial of his motion to suppress, but we cannot reach the merits of his argument because he has not preserved this issue for appeal.

Whether a defendant has waived his right to appeal is a question we review de novo. *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). A defendant waives his right to appeal a pre-plea non-jurisdictional motion unless he enters a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). Rule 11(a)(2) requires "1) a conditional guilty plea in writing; 2) that reserves the right to appeal a specified pre-trial motion; and 3) that evidences the government's consent." *United States v. Mendez-Santana*, 645 F.3d 822, 828 (6th Cir. 2011) (quoting *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003)). The writing requirement may be excused only if the defendant "made it clear that he wished to preserve his right to appeal, the government acknowledged that he could appeal, and the court accepted that [reservation of appellate rights]." *United States v. Young*, 580 F.3d 373, 376 (6th Cir. 2009) (quoting *United States v. Mastromatteo*, 538 F.3d 535, 543 (6th Cir. 2008)).

The defendant bears the burden to demonstrate that he has preserved his right to appeal. *See Mendez-Santana*, 645 F.3d at 828. Once a defendant enters an unconditional guilty plea, "our appellate review becomes sharply circumscribed," and we consider only the court's jurisdiction and the voluntariness of the plea. *Id*. That is because, absent a defendant's adherence to Rule 11(a)(2), "the normal rules concerning the effects of a guilty plea apply: 'a guilty plea represents a break in the chain of events' and extinguishes the defendant's right to 'raise independent claims'

relating to events 'that occurred prior to the entry of the guilty plea.'" *United States v. O'Neill*, 94 F.4th 531, 537 (6th Cir. 2024) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

This case is similar to *United States v. Vasquez-Martinez*, where we held that the defendant's right to appeal a pretrial motion to suppress was precluded by Rule 11(a)(2). 616 F.3d 600, 605 (6th Cir. 2010). There, the defendant pleaded guilty in a rearraignment hearing and did not enter into a written plea agreement. *Id.* at 604. He also did not "make any attempt to enter a conditional plea of guilty that would have reserved his right to appeal the denial of his motion to suppress." *Id.* Recognizing that Rule 11(a)(2) placed an affirmative duty on the defendant to preserve all potential collateral challenges, this court declined to reach the merits of the defendant's appeal. *Id.* at 605.

So too here. Johnson pleaded guilty at the August 28 rearraignment hearing and did not enter a written plea agreement. Nor did he make any attempt to preserve his challenge to the district court's ruling on the motion to suppress. Consequently, Johnson did not receive the government's or the district court's consent to enter a conditional guilty plea, which would have preserved his right to appeal the denial of the pre-plea motion. *See United States v. Abdulmutallab*, 739 F.3d 891, 904–05 (6th Cir. 2014) (holding that the defendant waived his right to raise an argument because he pleaded guilty without a plea agreement and "did not seek the consent of the district court or the Government to preserve his right to appeal the ruling on his suppression motion."); *see also Ferguson*, 669 F.3d at 763.

The record does not support Johnson's assertion that he did not plead guilty at the July 19 proceeding because of "the impasse over his desire for a conditional plea," and that he only pleaded guilty at the August 28 proceeding because he entered a conditional plea. Reply Br. at 2–4. Rather, the record demonstrates that the magistrate judge advised Johnson that he would not be able to

4

simultaneously challenge his motion to suppress and enter an unconditional guilty plea. Despite that warning, Johnson still expressed his desire to enter a guilty plea. It was his failure to answer the magistrate judge's questions that prevented him from making his guilty plea, not an impasse as to the terms of the agreement. Then, at the August 28 proceeding, Johnson unconditionally pleaded guilty, as he did not preserve—either orally or in writing—his right to appeal.

Nor does the district court's statement that Johnson had "not waived any appeal rights" mean that Johnson properly preserved his right to appeal the adverse decision of his pre-plea motion to suppress. R. 139, Second Rearraignment Hr'g, PageID 572; Reply Br. at 2–3. The district court stated that Johson's rights on appeal "w[ould] be to the full extent that the law allows." R. 139, Second Rearraignment Hr'g, PageID 572. Yet the law does not allow Johnson to do what he now seeks to do—that is, assert an argument that does not challenge the court's jurisdiction or the voluntariness of his guilty plea after entering an *un*conditional guilty plea. *See United States v. Bacon*, 884 F.3d 605, 608–10 (6th Cir. 2018) (holding that the defendant waived his arguments because he "entered an oral guilty plea" and "did not reserve on the record any issues for review, nor was his plea agreement reduced to writing. His plea therefore includes neither any explicit waivers, nor any explicit reservation of issues for appeal."). To the extent he argues that he did not plead knowingly, he forfeited the argument by failing to raise it in his opening brief. *See United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014).

We therefore decline to consider the merits of Johnson's motion to suppress.

### III.

Johnson next argues that his sentence of 300 months in prison and 8 years of supervised release was substantively unreasonable, alleging that the sentencing Guidelines "overrepresented" his criminal history because he had not committed any crimes of violence. We disagree.

A substantive unreasonableness claim is a claim that the district court "placed too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others in sentencing the individual." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). When the defendant receives a below-Guidelines sentence, he has the burden to overcome our presumption of reasonableness, which is an "even more demanding" burden than that placed on a defendant who challenges an above- or within-Guidelines sentence. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see United States v. Pirosko*, 787 F.3d 358, 374–76 (6th Cir. 2015). Our review of a defendant's sentence is "highly deferential," and we will reverse only for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Here, the district court determined that Johnson was a career offender; accordingly, Johnson faced 322 to 387 months' imprisonment under the sentencing Guidelines. Johnson objected to the district court's career offender classification and argued that the district court should impose a sentence on the low end of the Guidelines, specifically 180 months, because he had a difficult upbringing and was less likely to recidivate because of his age. The district court overruled his objection and sentenced him as a career offender.

Although the district court recognized Johnson's difficult upbringing, and "g[ave] [him] some credit for" that upbringing, it also noted the other factors that weighed in favor of a 300-month term of imprisonment: the seriousness of his offenses, the damage to the community, the importance of protecting the public, and Johnson's unwillingness to change. R. 140, Sentencing Tr., PageID 603–10. Indeed, the district court expressly noted its obligation to "consider all the factors that are available" when it imposed the below-Guidelines sentence of 300-months. *Id.* at 608. We cannot say that, based on this record, the district court abused its discretion when it determined that Johnson was a career offender and imposed a below-Guidelines sentence after

weighing the relevant factors. Stated differently, Johnson has not carried his burden in demonstrating that the district court's presumptively reasonable sentence was substantively *un*reasonable.

Johnson's reliance on U.S.S.G. § 4A1.3 does not save his argument. Johnson contends that "the application note" for this Guideline "permits downward departures" where a defendant's criminal history category overrepresents the likelihood that he will commit additional crimes or the seriousness of his criminal history. Appellant Br. at 28 (citing U.S.S.G. § 4A1.3 n.3). Yet by Johnson's own words, the application note *permits* a downward variance—it does not *require* it. In sum, Johnson "asks us to balance the factors *differently* than the district court did." *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022) (quotation omitted). The reality that "the district court did not weigh the § 3553(a) factors as [he had] hoped," however, does not mean that the court abused its discretion. *Id.* at 531.

## IV.

For these reasons, we **AFFIRM** the district court's judgment.